PATRICK J. HUGHES vs. FRANK L. CONNABLE.

*Case—Personal Injuries— Negligence— Pleading— Declaration—*
*Allegation of Negligence—Particularity—Demurrer.*

A certain count of declaration held good on demurrer, the negligence of the defendant being sufficiently averred; and certain other counts held to be insufficient.

(*December 2, 1905.*)

LORE, C. J., and GRUBB, J., sitting.

*Levin Irving Handy* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, November Term, 1905.

ACTION ON THE CASE (No. 75, February Term, 1904) to recover damages for personal injuries to the plaintiff alleged to have been caused by being run over by the automobile of the defendant by reason of the negligent running of the same by said defendant.
Demurrer.

The plaintiff's narr consisted of five counts, the third, fourth and fifth of which were demurred to by defendant. Said third count, omitting the formal parts, was as follows:

" 3.　For that whereas heretofore, to wit. at the time of committing the grievances hereinafter mentioned and set forth, on or about the twenty-sixth day of November, A. D. 1904, at New Castle County, aforesaid, Frank L. Connable, the defendant, so negligently and carelessly operated and ran an automobile, or Stanley Steam Car, in a southerly direction along a certain public road or street in the city of Wilmington, New Castle County and State of Delaware, commonly known as Market street, while the said plaintiff was then and there traveling in the opposite direction along said road or street riding on a bicycle, using due care and caution on his part, that said automobile or Stanley Steam Car, on said Market Street, near the intersection thereof with Seventh street, struck, ran over and injured said plaintiff as hereinafter set forth and mentioned.　Said plaintiff avers that the said above-mentioned carelessness and negligence of the defendant consisted in this, as follows to wit:　That said defendant negligently and carelessly operated and ran the said automobile or Stanley Steam Car in between the plaintiff, riding as aforesaid, and a vehicle which was then and there standing still on the easterly side of said Market street near the curb thereof and which vehicle was shutting off the vision of the plaintiff in that direction, when the space between the plaintiff and the said vehicle was too short for either the bicycle of the plaintiff or the automobile of the defendant to be stopped so as to avoid a collision between the two, and in consequence thereof, the said automobile or Stanley Steam Car, struck, knocked down and ran over said plaintiff, who was then and there using due care and caution on his part, and by reason of the premises, the said plaintiff was greatly hurt, crushed, bruised and injured, in his back, arms, legs, sides, head, spinal column and internal organs, and became sick, sore, lamed and disordered and so remained and continued for a long space of time, to wit, hitherto," etc.

In the fourth count the negligence alleged was as follows :

" Said plaintiff avers that the said above mentioned negligence and carelessness of the defendant consisted in this, as follows, to wit:　That said defendant carelessly and negligently omitted to

give reasonable notice of the approach of said automobile or Stanley Steam Car, in time for said plaintiff to get out of the way of the same and in consequence thereof, the said automobile, or Stanley Steam Car, struck, knocked down, and ran over said plaintiff, who was then and there using due care and caution on his part, and by reason of the premises, the said plaintiff was greatly hurt, crushed, bruised, and injured, in his back, arms, legs, sides, head, spinal column and internal organs, and became sick, sore, lamed and disordered and so remained and continued for a long space of time, to wit, hitherto," etc.

The fifth count alleged that " on or about the twenty-sixth day of November, A. D. 1904, at etc. New Castle County aforesaid, Frank L. Connable, the defendant, by his certain servant, employed and engaged by him to operate and run an automobile or Stanley Steam Car, so carelessly and negligently operated and ran said automobile, or Stanley Steam Car, in and along a public street in the city of Wilmington, New Castle county and State of Delaware, to wit, in and along Market street in said city, that said automobile, or Stanley Steam Car, ran with great force and violence upon and against a certain bicycle, on which said bicycle the said plaintiff was then and there riding in and along said public street, using due care and caution on his part. Said plaintiff avers that the said above-mentioned negligence and carelessness consisted in this, as follows, to wit: that said servant being then and there employed by the said defendant as aforesaid, ran said automobile or Stanley Steam Car, at a rapid rate of speed, in and along said Market street, and when so running carelessly and negligently omitted to give reasonable notice to the plaintiff of the approach of said automobile or Stanley Steam Car, in time for said plaintiff to get out of the way of the same, and in consequence thereof, the said automobile, or Stanley Steam Car, ran upon and against said bicycle as above mentioned and struck, knocked down, and ran over said plaintiff, who was then and there using due care and caution on his part, and by reason of the premises, the said plaintiff was greatly hurt," etc.

Defendant filed a general demurrer to said counts.

In arguing the demurrers, Hilles for demurrant, contended that the third count set forth a clear case of inevitable accident, for which the defendant was not liable; also, as to the allegation in the fourth and fifth counts that the defendant did not give the plaintiff any notice or warning of his approach in time for the latter to get out of the way, the contention was that there was no duty upon the owner of an automobile to give any warning at street crossings or other places, unless the exigencies of the occasion demanded it and he saw that there was danger of collision with another person; that automobile operators and owners had no greater duty in this respect than the drivers of ordinary vehicles through the public streets or highways; that the said counts alleged no such facts as required notice, and were therefore insufficient; citing *Indiana Springs Company vs. Brown (Supreme Court of Indiana) 74 N. E. Reporter 615.*

*Handy* for plaintiff replied, combating the above propositions and contending that all the said counts were sufficient.

LORE, C. J.:—We overrule the demurrer to the third count, and hold that that count is sufficient. It does put the plaintiff in the position where he could not see the defendant in the exercise of due diligence, behind a vehicle standing in the way, and avers that the defendant carelessly and negligently came into that place when there was no opportunity to avert a collision. We think upon that showing that the third count is sufficient.

We sustain the demurrer as to the fourth and fifth counts.

