JOSEPH W. HUNTER, administrator of THEOPHILUS S. HILL deceased, *vs.* THE PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY, a corporation of the State of Delaware.

*Demurrer to Declaration—Application to Amend Demurrer—Statute—Amendment to Demurrer Allowed—Averments of Negligence Distinguished—Sufficiency of Averment of Negligence—Sufficiency of Allegations of Damages—Averments of Negligence Double.*

1.   A demurrer may be amended, under the liberal terms of *Sec.* 11, *p.* 849 *of the Revised Code* (1893).

2.   Whether a demurrer may be amended is largely in the discretion of the Court, under the broad terms of the statute in relation to amendments,—*Sec.* 11, *p.* 849, *Rev. Code.*

3.   A count in the declaration, charging the defendant with "so negligently and carelessly operating a certain electric car which it was running for the carriage of persons for hire, that thereby the said plaintiff, who was  *  *  *  a passenger  *  *  *  was, through the negligence and carelessness of the said defendant  *  *  *  thrown from the car and injured," was held to be insufficient. *King vs. The Wil. & N. C. Elec. Ry. Co.* 1, *Penn.* 455. The count in the *Reidel* case, 5 *Penn.* 572, was said to be practically similar to the count in the *King* case, 1 *Penn.* 452.

4.   A count in the declaration, averring "that the said defendant  *  *  *  so negligently and carelessly operated one of its said cars that thereby the said car ran into and upon a certain wagon of the said plaintiff, which was  *  *  *  lawfully and in the exercise of due care  *  *  * on one of the public streets of  *  *  *  and thereby the said wagon  *  *  *  was greatly injured  *  *  * ," was distinguished from the *King* case, 1 *Penn.* 452, and was held to be sufficient.—*Donohoe vs. The Wil. City Ry. Co.*, 4 *Penn.* 55.

5.   A count in the declaration averring that "while the said H. in the exercise of due care  *  *  *  was alighting from said train at said destination, said train was carelessly and negligently moved, and he was by reason of such negligence and carelessness, thrown violently down  * *  *  and one of his legs was badly twisted, sprained and injured," was distinguished from the count contained in the *King* case, 1 *Penn.* 452, and held to be a more particular averment than contained in the *Donohoe* case, 4 *Penn.* 55, and held to be sufficient.

6.   The allegations of damages, contained in several counts of the declaration, viz.: "the said H. and the said plaintiff (administrator of H.) since the death of the said H. were obliged to and did pay out and expend large sums of money for the purpose of having the said H. cured and

healed of said injuries;" *held* to mean that the administrator paid bills for the cure and healing of the deceased which were incurred by the deceased in his life time, and also held not to be insensible and repugnant, but sufficient.

7.    Allegations in each of several counts, in the declaration, alleging, in varying language, "that it was the duty of the defendant to provide a safe place for the intestate to alight, and to give the intestate opportunity to alight," and also alleging "negligence of the defendant in not providing a safe place for the intestate to   alight   *   *   *   and in not giving the intestate an opportunity to alight," *held* to be bad, because double.

Del. cases cited: *King vs. The W. and N. C. Ry.*, 1 *Penn.* 452; *Reidel vs. The Wil. City Ry.* 5 *Penn.* 572; *Donohoe vs. The Wil. City Ry.* 4 *Penn.* 55.

*Del. Statute: Rev. Code* (1893) *p.* 849, *Chap.* 112, *Sec.* 11.

(*June* 29, 1909.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*Robert C. White* and *James M. Tunnell* for plaintiff.

*Whiley, Richards* and *Jones* for defendant.

Superior Court, Sussex County, June Term, 1909.
ACTION ON THE CASE (No. 18, April Term, 1908).
Demurrer to declaration.   Application to amend demurrer.

*Frank M. Jones*, of counsel for defendant, moved to amend the demurrer so as to make the same more specific.—*Sec.* 11, *Chap.* 112, *Rev. Code* 849.

*Robert C. White*, of counsel for plaintiff, opposed the amendment, contending that a demurrer was not amendable at common law, and that there was no authority in said statute for such amendment.

PENNEWILL, C. J.:—This, so far as we know, is the first application of the kind made in the courts of this State.   Under the very general and broad terms of the statute (*Sec.* 11 *p.* 849, *Rev. Code*),—which provides "that in any civil case pending before the Superior Court, said Court shall have power at any time before judgment to allow amendments either in form or substance of any process, impleading or proceeding in such actions on such terms as shall be just and reasonable"—we are inclined to hold that a demurrer may be amended.   It is certainly a proceeding

24 Del.]     HUNTER vs. P., B. AND W. R. R.          7

Opinion.

incident to the trial.   In any event, it is largely in the discretion of the Court, and we think that discretion in this case should be exercised in favor of the application.

Leave is granted to amend the demurrer.

After hearing argument upon the amended demurrer, the Court rendered the following opinion:

PENNEWILL, C. J.:—In this case the defendant has demurred to each of the five counts of the plaintiff's declaration, and it is contended, *first*, that the first, third, fourth and fifth counts in said declaration contained are uncertain, and insufficient in that it nowhere appears in said counts in what the negligence of said defendant consisted; it being alleged only that "said train was carelessly and negligently moved," without specifying in what way it was so negligently and carelessly moved.   And, it is argued that it is analogous to the case of *King vs. The Wilmington and New Castle Electric Railway Company* (1 *Pennewill* 452), where the declaration alleged that the plaintiff was injured through the carelessness and negligence of the defendant.

The Court said in that case, "Applying the same test, the first count in the declaration is manifestly insufficient.   It charges the defendant with 'so negligently and carelessly operating a certain electric car which it was then and there running for the carriage of persons for hire, that thereby the said plaintiff, who was then and there a passenger on said car, was, through the negligence and carelessness of the said defendant as aforesaid, thrown from the car and injured.' "   The said count was held to be insufficient.

The case of *Reidel vs. The Wilmington City Railway Company* (5 *Pennewill*, 572) follows the *King* case, the averment in the narr being practically similar.

But in the case of *Donohoe vs. The Wilmington City Railway Company* (4 *Pennewill* 55), the averment being as follows,—"That the said defendant on the seventeenth day of August, A. D., 1901, at the City of Wilmington aforesaid, so negligently and carelessly operated one of its said cars that thereby the said car ran into and

upon a certain wagon of the said plaintiff which was then and there lawfully, and in the exercise of due care and caution on the part of the driver thereof, on one of the public streets of the said city, to wit, on Market Street, and thereby the said wagon of the said plaintiff was greatly injured, damaged and destroyed"—that averment was held to be sufficient. The Court distinguished that case from the King case, although the allegation of negligence does not seem to have been much more particular.

But in the case now before us we think the averment of negligence is stated with more particularity than in the Donohoe case. In the present case the averment is that "while the said Theophilus S. Hill in the exercise of due care and caution on his part was alighting from said train at said destination, said train was carelessly and negligently moved, and  * * *  he was, by reason of such negligence and carelessness, thrown violently down upon the ground and one of his legs was badly twisted, sprained and injured," etc. We think that such allegation clearly distinguishes this case from the King case, and that it is more particular than the averment contained in the Donohoe case.

We overrule the demurrer to the first, third, fourth and fifth counts of plaintiff's declaration.

As to the *second* contention of the defendant, viz., "That the allegations in respect to damages contained in the said first, second and third counts in said declaration are insensible and repugnant in that damages are alleged because 'the said Theophilus S. Hill and the said plaintiff since the death of the said Theophilus S. Hill, were obliged to and did lay out and expend large sums of money for the purpose of having the said Theophilus S. Hill cured and healed of said injuries;'" we say that while this averment is not very clearly or exactly expressed, —manifestly it could mean but one thing; viz., that the administrator paid bills for the cure and healing of the deceased person which were incurred by the deceased in his lifetime. Certainly the plaintiff would not be permitted to prove anything other than that respecting the bills paid for the healing and curing of

his intestate.   We think that is a fair construction of the language contained in those counts, and overrule the demurrer to the first, second and third counts of plaintiff's declaration for the reason stated.

As to the third contention, viz., that "in each of the third, fourth and fifth counts the plaintiff alleges, in varying language, that it was the duty of the defendant to provide a safe place for the intestate to alight, *and* to give the intestate opportunity to alight; and in each of said counts the plaintiff alleges negligence of the defendant in not providing a safe place for the intestate to alight, *and* negligence of the defendant in not giving the intestate an opportunity to alight;" we think that either of those averments of negligence, if proved, would constitute a perfectly good cause of action. We hold, therefore, that such allegations are double, and sustain the demurrer to the third, fourth and fifth counts on the ground of duplicity.