OSIAS BRAUNSTEIN vs. PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

*Street Railway—Injuries to Passenger—Demurrer to Declaration—Sufficiency of Declaration—Duplicity in Pleading.*

1. In an action against a railway company for injuries to a passenger, a count in plaintiff's declaration that the defendant negligently had constructed its tracks at a certain curve thereof and negligently drove its car at a dangerous rate of speed upon said curve, is an allegation of negligence sufficiently specific.

2. Allegations of improperly constructed tracks and of running the

car at a dangerous rate of speed over the improperly constructed tracks, held to relate to one connected cause of the alleged accident, and not duplicitous.

3.  Mere diversity of facts alleged in a single count will not make it double.

4.  A plaintiff may, in his declaration, allege any number of circumstances, or defaults, if taken together, they amount to one connected cause for which the action was brought.

5.  An allegation that the defendant so carelessly had maintained and repaired the tracks of the defendant's railway, and had so carelessly allowed the same to be and become unsafe and defective at a certain curve thereof is sufficiently specific and not  duplicitous.

6.  An allegation that the "trucks and running parts" of the car were unsafe considered to embrace more than the wheels and axles of the car, and like the expression "defective brakes and other appliances" *held* to be too general.  *Newton vs. Peoples Ry.*, 4 *Penn.* 350.

(*April* 8,  1910.)

Judges Boyce and Hastings sitting.

*Herbert H. Ward* and *Andrew C. Gray* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, March Term, 1910.

Action on the Case (No. 8, September Term, 1909), by a passenger of the defendant company to recover damages for injuries alleged to have been occasioned by the negligence of said defendant.

Demurrer to third, fourth and fifth counts of plaintiff's declaration.

(See same case *post*).

The facts and contentions of counsel appear in the following opinion of the Court.

Boyce, J. delivering the opinion of the Court:

The plaintiff averred in the third count of his declaration, among other things, that heretofore, to wit, on etc. at etc., in consideration that the plaintiff at the special instance  *    *    *

did take and engage passage  *  *  *  to be carried  *  *  *
upon a certain passenger car of  *  *  *  from  *  *  * to  *
*  *  for certain reasonable hire  *  *  *  the said defend-
ant not regarding, etc., so carelessly, improperly, negligently
and unskilfully had constructed the tracks at a certain curve
thereof, at and near the junction of etc., at etc., and so care-
lessly  *  *  *  drove and run said passenger car at a danger-
ous rate of speed upon said curve, and so carelessly  *  *  *
drove, run and managed the said passenger car that, after-
wards, and before the said passenger car had reached the said
*  *  *  ; to wit, on  *  *  *  etc., at  *  *  *  etc., by
and through the mere carelessness  *  *  *  of the said defend-
ant, the said passenger  car, with great force and violence, then
*  *  *  ,ran off the said track etc.  *  *  * ,upon and near the
said curve in the said track  *  *  *  etc., and, then  *  *  *
overturned upon the side of said passenger car, alongside of and
upon the said track of the defendant's said railway.   Whereby the
said plaintiff was thrown from his seat in said car against  *  *
and upon  *  *  *  with great force  *  *  * , and said
plaintiff was greatly bruised  *  *  * .

The fourth count is like the third, except it differs in respect
to the alleged negligent and  unskilful construction of said tracks,
and dangerous rate of speed at which the car was run upon said
curve.   It is averred instead, that "the defendant  *  *  *
so carelessly  *  *  *  had maintained and repaired the tracks
of the defendant's said railway and had so carelessly allowed
*  *  *  the same to be and become unsafe and defective at a
certain curve thereof"  *  *  * .

The fifth count is like the third and fourth, except instead of
the allaged defects in said tracks, etc., it is averred that "the
defendant  *  *  *  so carelessly  *  *  *  had repaired and
maintained the trucks and running parts of said  passenger car,
and had so carelessly  *  *  *  allowed the same to be and be-
come unsafe and defective  *  *  * .

The defendant demurred to each of the said third, fourth and
fifth counts.—To the third count for the reasons (1) that it does

not sufficiently appear in what respect the said tracks were improperly and unskilfully constructed; (2) that it is duplicitious because it alleges two distinct causes of action, viz:—improper and unskilful construction of the said tracks, and running the said passenger car at a dangerous rate of speed; (3) that it does not sufficiently appear whether the alleged injury is intended to be averred as the result of the combined effect of the said alleged defective tracks and the running of the said passenger car at a dangerous rate of speed.

The averment that the defendant negligently　*　*　* had constructed the tracks at or near said curve, and negligently *　*　*　drove and run said passenger car at a dangerous rate of speed upon said curve, is an allegation of negligence sufficiently specific—and we do not think the averment of the alleged condition or defect in the tracks,located as it is, at or near the said curve is too general.

Mere diversity of facts alleged in a single count will not make it double.　The plaintiff may, in his declaration, allege any number of circumstances, or defaults, if, taken together, they amount to one connected cause, or relate to one ground of recovery.　The allegations of improperly constructed tracks, and of running the said car at a dangerous rate of speed over the said improperly constructed track, relate, we think, to the cause of the alleged accident, for which, the action was brought.　We do not think it was necessary to have declared upon each of said allegations in a separate count in order to avoid duplicity.　*Mullin vs. Blumenthal & Co.*, 1 *Penn.* 476.

While it may not clearly appear that the alleged injury was intended to be averred as the result of the combined effect of the allegations of default set up in said third count, it does we think, sufficiently appear that the injury is alleged to have resulted from negligently running of said car upon defective tracks at or near said curve.

The causes of demurrer assigned against the fourth count are similar to those urged against the third count.　For the reasons assigned,the demurrer to the third and fourth counts is overruled.

The first cause of demurrer to the fifth count is that it does not appear in what respect the trucks and running parts of said car were unsafe  *  *  * .  We do not think that the phrase "the trucks and running parts" in said count is restricted in its meaning to wheels and axles, as suggested, but that it may very properly embrace more, like the expression "defective brakes and other appliances"; and we think the averment is too general.

The other objections to the fifth count are similar to those which we have passed upon in considering the sufficiency of the third and fourth counts.

The demurrer to the fifth count is sustained.

*Newton vs. Peoples Ry.* 4 *Penn.* 350.