LOUIS VALERII, Administrator of FRANCESCO VALERII, deceased, *vs.* THE BREAKWATER COMPANY, a corporation of the State of Ohio.

1. PLEADING—DECLARATION—ALLEGATIONS OF NEGLIGENCE—CERTAINTY.

Allegations in a declaration that defendant negligently and carelessly furnished an employee with "unsafe cars", "unsafe tracks", and "unsafe cars and tracks", were insufficient, as too general.

2. PLEADING—DECLARATION—DUPLICITY.

Allegations in a declaration that defendant furnished an employee cars loaded with stone in a specifically unsafe manner, and furnished unsafe tracks upon which the car was to be moved, whereby the car was caused to jump the track, is not demurrable, as being duplicitous, since it merely alleges two facts operating together to cause one accident.

3. MASTER AND SERVANT—ACTION FOR INJURIES—DECLARATION—ALLEGATIONS OF NEGLIGENCE.

A declaration alleging that an employer furnished an employee cars loaded with stone in such a manner that the equilibrium of the car might be easily disturbed, and furnished unsafe tracks upon which the car was to be moved, whereby the car was caused to jump the track, was not demurrable, as not showing that the tracks were not reasonably safe for the purpose for which intended.

4. MASTER AND SERVANT—ACTION FOR INJURIES—DECLARATION—ALLEGATIONS OF NEGLIGENCE.

Such declaration was not demurrable, as not showing whether it was based on the failure to furnish reasonably safe tracks, or on the negligence in loading the car; it sufficiently appearing that it was based on the defendant's default in furnishing unsafe tracks, and in furnishing a car unsafely loaded.

5. MASTER AND SERVANT—ACTION FOR INJURIES—DECLARATION—ALLEGATIONS OF NEGLIGENCE.

Such declaration was not demurrable, as not showing that, if the car had been properly loaded by defendant's co-servants, the tracks would not have been reasonably safe, since to hold it demurrable it would be necessary to assume that the car was loaded by the employee's fellow servants, while the complaint directly alleged that the car was furnished unsafely loaded by the employer.

6. MASTER AND SERVANT—ACTION FOR INJURIES—DECLARATION—ALLEGATIONS OF NEGLIGENCE.

The declaration in an employee's action for injuries, alleging that a car was furnished by the employer loaded with stone so placed that the equilibrium might be easily disturbed, and that the employer furnished tracks upon which it was to be moved, at the joint of two rails, of which there was a slight elevation, which tilted the car and caused it to jump the track, was not demurrable, as not showing that the car or track was unsafe, or as failing to show what relation there was between the unsafe cars and tracks and the accident.

(*February* 2, 1912.)

Judges BOYCE and RICE sitting.

*Josiah O. Wolcott* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, November Term, 1911.

SUMMONS CASE (No. 54, November Term, 1910).

Special demurrer to certain counts of plaintiff's declaration. The questions presented appear in the opinion of the court. (For trial, see same case *post.*)

RICE, J., delivering the opinion of the court:

To the first, second, third, fourth, eighth and ninth counts of the plaintiff's declaration, the ·defendant has demurred specially.

In substance the first count in the declaration alleges that the defendant company was at the time of the accident engaged in the business of quarrying stone, in Brandywine Hundred, New Castle County, and that Francesco Valerii, the plaintiff's intestate, was employed by the defendant as a brakeman on a train of cars, which it used for the purpose of hauling stones in and about and out of its stone quarry, "and it was the duty of said defendant to furnish to the said Francesco Valerii in and about his said business as brakeman, reasonably safe cars and railroad tracks for the same to run on, yet the said defendant did not regard its duty in this behalf, and heretofore, to wit    *    *    *    the said defendant negligently and carelessly furnished the said Francesco Valerii in and about his said business of brakeman on the train of cars of said defendant then and there used by the said defendant for the purpose aforesaid, unsafe cars and railroad tracks for the same to run on, and through and by the negligence and carelessness of the said defendant in this regard, a certain car in a train of cars on which the said Francesco Valerii was then and there riding in the performance of his work as such brakeman, he the said Francesco Valerii, being then and there in the exercise of care and caution on his part, jumped from the said railroad tracks of the said defendant on which the said car was then and there moving and thereby threw the said Francesco Valerii

from off the said car down to and upon the ground, and the said Francesco Valerii was then and there and thereby struck and hit by the said car and badly crushed," etc.

The causes of demurrer to this count are:

*First.* It does not appear therefrom in what particular or particulars the cars and railroad tracks therein mentioned were unsafe.

*Second.* It does not appear therefrom what caused the said car to jump from the said railroad tracks, or that the same was in any way due to the negligence of the defendant.

Additional causes:

It does not appear therefrom that the car upon which Valerii was riding was unsafe, or that the track upon which the said car was being moved was unsafe.

It does not appear therefrom what relation there was between the unsafe cars and tracks, and accident to the plaintiff.

Counsel for the plaintiff, in support of this count, and the other counts demurred to, cites a number of cases, among them being *Hunter v. P., B. & W. R. R. Co.,* 1 *Boyce* 5, 75 *Atl.* 962, and *Campbell v. Walker,* 1 *Boyce* 580, 76 *Atl.* 476.

While we believe that the tests and principles of pleading applied in those cases have very strong bearing upon this case, yet we think the also recent case of *Braunstein v. People's Ry. Co.,* 1 *Boyce* 310, 77 *Atl.* 738, to be more directly in point in respect to the facts pleaded and the manner of pleading them.

In the case of *Hunter v. P., B. & W. R. R.,* the court said, in quoting from the case of *King v. W. & N. C. Ry. Co.,* 1 *Penn.* 452, 41 *Atl.* 975: "Applying the same test, the first count in the declaration is manifestly insufficient." By referring to the *King case,* we find the test applied to be this rule quoted from 2 *Chitty's Pleading,* 231, "A general statement of facts, which admits of almost any proof to sustain it is objectionable," which quotation follows the statement of other general rules, to the effect that "it is not sufficient to state the result or conclusion of fact, arising from circumstances of the case not set forth in the declaration," and also, "it is the purpose of pleading to reasonably and fairly disclose the facts of the case, and not to conceal them. Pleadings

should not be used as the means of concealing the facts by vague and general terms. Time, place and circumstances, so far as relied on and within the knowledge of the party, must be specified; and that, too, with reasonable fullness and fairness. Any other rule would make pleading the medium of concealing the facts of the case, except so far as might be necessary to bring it within the least possible legal certainty."

From a casual reading of our cases it might appear in some instances that the court has been somewhat lax in applying the above statement as to the certainty with which it is necessary for the plaintiff to plead his case, but we think after a careful study of the decisions we may safely arrive at the conclusion that any seeming generality in pleading the plaintiff's cause of action has been permitted by the court either on account of the very nature of the accident itself, or the fact that it was impossible for the plaintiff to declare with more particularity or certainty on account of the peculiar facts and circumstances surrounding the accident.

For determination of the question "whether the allegations in the present count describe such an accident or a statement of facts as will bring it within either of the exceptions mentioned," we need only refer to the *Braunstein case*.

The fifth count in that case, which was held insufficient, alleged in substance, "that the defendant   *   *   *   so carelessly, improperly, negligently and unskillfully repaired and maintained the trucks and running parts of said passenger car, and has so carelessly   *   *   *   allowed the same to be and become unsafe and defective that while negligently and carelessly then and there running and driving said passenger car at a dangerous rate of speed at a certain curve   *   *   *   then and there ran off the track," etc.

The court in the case said: "The first cause of demurrer to the fifth count is that it does not appear in what respect the trucks and running parts of said car were unsafe, etc. We do not think the phrase 'the trucks and running parts' in said count is restricted in its meaning to wheels and axles as suggested, but that it may very properly embrace more like the expression

'defective brakes and other appliances,' and we think the aver-ment is too general."

[1]    Thus, as it has been held that the allegation of negli-gence in the *Braunstein case* is too general, we must hold the less particular allegation of negligence in this count to be too general.

For the reasons given in holding the allegation of negligence in the first count too general, we must also hold as insufficient the allegation in the second count that the defendant "negligently and carelessly furnished   *   *   *   unsafe cars."

The third count differs from the first two counts only in that "unsafe tracks" were alleged to have been negligently furnished by the defendant.

As we have already held that statements of "unsafe cars and railroad tracks" and "unsafe cars" are too general, we can see very little to distinguish from them the very general statement "unsafe tracks," and it must be evident that such a general state-ment of the facts and circumstances of the plaintiff's claim can-not be of such certain and particular character as the court in the case of  *Campbell v. Walker*, 1 *Boyce* 580, 76 *Atl.* 475, stated was necessary for the plaintiff to exercise in this state in a declara-tion of this character.    Judge Woolley, in delivering the opinion of the court in that case, said: "It has uniformly been held from [*Reading's Heirs v. State*] 1 *Harr.* 190 and [*State, to Use of Godwin, v. Collins*, 1 *Harr.*] 216, to *Hunter v. P., B. & W. R. R. Co.*, 1 *Boyce*, 5, 75 *Atl.* 962, that while the plaintiff is not required to make a detailed and minute statement of the circumstances of the cause of action, he must nevertheless set forth as his declaration the facts upon which he bases his action, with a particularity and certainty that will reasonably inform the defendant what he proposes to prove at the trial, in order that the defendant may have a fair opportun-ity to meet and controvert those facts in defense.    Any other rule would defeat rather than promote this object of pleading, and would make a declaration an instrument to conceal rather than to disclose facts."

The word "unsafe" is a very comprehensive word and might mean many things, and when used in connection generally with the word "tracks", with no other description as to manner in which

they were unsafe, or where the tracks were located other than in and about a certain quarry, is not such a statement of the facts and circumstances of the plaintiff's claim that the defendant would know, with reasonable certainty, what he would be called on to meet in making his defense, in a trial of the case.

We hold the third count to be insufficient.

The fourth count which sets forth "that the car was loaded with stone and that it was run over a straight stretch of track," being in other respects similar to the first count, must also be held insufficient for the reasons assigned in sustaining the demurrers to the three other counts.

[2] In the ninth count the plaintiff states it to be defendant's duty to furnish cars loaded with stone in a reasonably safe manner and reasonably safe tracks on which to run said cars so loaded, and complains that the defendant furnished cars loaded with stone in an unsafe manner, in that the defendant loaded "a certain car with a large iron box full of stone by placing the same on the top of said car, so that the equilibrium of said car might be easily disturbed, and furnished unsafe tracks upon which said car was then and there moved and operated, of a kind so that there was a slight elevation at the joint of two contiguous rails in said tracks whereby the said car so loaded as aforesaid and so moved was tilted when the wheels of said car moved over said elevation and by reason of said elevation in said tracks and the improper loading of said cars as aforesaid, the equilibrium of said car was thereby disturbed and thereby the front wheels of said car jumped from the tracks," etc.

The first cause of demurrer to this count is that the count is double.

It is undisputable that good pleading permits of a plaintiff combining in one count a number of circumstances, facts, or defaults, which taken together culminate in the one point.

In the present count the plaintiff has alleged that the car unsafely loaded as described, jumped the tracks, made unsafe by the elevation as set forth, that while neither in itself caused the accident, yet each contributed to and when taken together did cause the accident. Thus we have the two facts operating to-

gether causing the one point of action, which is that the car jumped from the tracks, resulting in the accident. We think the count is not double.

[3]    The next cause of demurrer is that "it does not appear therefrom that the said tracks therein referred to were not reasonably safe for the purpose for which the same were intended to be used by the said defendant."

We think this cause of demurrer is not well founded, because it may be fairly deduced from the language in the count that the tracks being unsafe in a certain manner were furnished by the defendant to the plaintiff, in and about the defendant's business, on which to run a certain car unsafely loaded by the defendant, and that such was the intention of the defendant, and that therefore they were not reasonably safe, but were actually unsafe, for the purpose for which they were intended to be used by the defendant.

[4]    The third cause of demurrer is that "it does not appear therefrom whether the said count is based on the failure of the defendant to furnish reasonably safe tracks, or whether the same is based upon the negligence in loading the said car."

We believe it sufficiently appears in the count that the defendant was in default in two respects—one, that he furnished unsafe tracks; two, that he furnished a car unsafely loaded—and the plaintiff then in detail described in what particular the car was unsafe, the negligence being in the result of the loading and not in the act of loading.

[5]    "That it does not appear therefrom that if the said car had been properly loaded by the fellow servants of the said plaintiff, that the said tracks therein referred to were not reasonably safe for the business then and there carried on by the said defendant thereon," is the fourth cause of demurrer.

To hold this cause of demurrer good it would be necessary for the court to assume that the fellow servants of the defendant loaded the car, which is directly opposed to the charge of the plaintiff that the defendant furnished him the car unsafely loaded. If it should appear from the evidence in the case, at the trial, that the fellow servants of the plaintiff loaded the car, or that the proof

**26 Del.]**     VALERII vs. THE BREAKWATER CO.     **203**

Opinion

was at variance with the allegation, such matters in themselves would be for the consideration of, and determination by, the trial court.

[6] As to the two additional causes of demurrer, which are the same as the additional reasons filed to the first and other counts, it is not necessary for us to say anything more than we have already said. They are not well taken.

We hold that the allegation in the ninth count that the defendant furnished "a certain car and certain tracks for the car to run on * * * of so unsafe a character that the said car when running over said tracks did not stay on said tracks and jumped therefrom," for reasons we have before stated to be too general to be sufficiently well pleaded, to stand when objected to on demurrer.

We sustain the demurrers to the first, second, third, fourth and ninth counts, and overrule the demurrer to the eighth count.