Mary Silvia, widow of Joseph Silvia, deceased, *vs.* George P. Scotten, et al.

1.   Pleading—Test as to Sufficiency of Declaration Stated.

The test as to the sufficiency of a declaration is whether the defendant is clearly and sufficiently informed of the charge he must meet at the trial.

Syllabus.

2.   MUNICIPAL CORPORATIONS—GENERAL CHARGE OF NEGLIGENCE, WITH-
     OUT ALLEGATION OF SPECIFIC ACT, INSUFFICIENT.

     Count alleging "that the servant of the defendants, at that time in the
course and scope of his employment driving and operating the motor vehicle
of the defendants, was then and there careless and negligent in the use and
operation of said motor vehicle, whereby the said motor vehicle did then and
there run into, over and upon J. [plaintiff], whereby the said J., at the time and
place aforesaid, by the carelessness and negligence of the servant of the de-
fendants sustained serious wounds and injuries," *held* insufficient, in that there
was no specific act of negligence alleged.

3.   MUNICIPAL CORPORATIONS—COMPLAINT CHARGING OPERATION OF AUTO-
     MOBILE AT EXCESSIVE RATE OF SPEED HELD SUFFICIENT.

     Count alleging that defendant's servant carelessly and negligently operat-
ed automobile, by driving it or permitting it to run at so great a speed that
he was unable to control it, and that plaintiff was injured by reason thereof,
*held* sufficient, as against contention that it did not appear therefrom how or
to what extent defendants were unable to control the automobile.

4.   MUNICIPAL CORPORATIONS—MOTOR VEHICLE DRIVER REQUIRED TO
     EXERCISE REASONABLE DILIGENCE TO STOP CAR AFTER DISCOVERY OF
     PEDESTRIAN IN FRONT OF CAR.

     The law imposes on the driver of a motor vehicle the duty of exercising
reasonable diligence in bringing his car to a stop after discovering a pedestrian
in front of him in danger of being struck by the car.

5.   MUNICIPAL CORPORATIONS—COUNT ALLEGING FAILURE TO STOP AUTO-
     MOBILE, WITHOUT FACTS IMPUTING NOTICE TO DRIVER OF PLAINTIFF'S
     DANGER, HELD INSUFFICIENT.

     Count alleging that defendants' servant carelessly and negligently operat-
ed automobile, in that he failed to exercise reasonable diligence in endeavoring
to bring automobile to a stop after discovering plaintiff in the street, lawfully
working thereon, in the exercise of due care and caution on his part, and that
plaintiff was injured by reason thereof, *held* insufficient for failure to allege the
notice to driver of the danger imposing on him the duty of stopping the car.

(*March* 24, 1921)

PENNEWILL, C. J. sitting.

*Philip L. Garrett* and *George W. Lilly* for plaintiff.

*James I. Boyce* for defendants.

Superior Court for New Castle County, March Term, 1921.

SUMS. CASE, to Kent County, No. 99, November Term, 1921.

Action by Mary Silvia, widow of Joseph Silvia, deceased,
against George P. Scotten and others. On special demurrer to
first, second and sixth counts of declaration. Sustained as to
first and sixth counts, and overruled as to second count.

PENNEWILL, C. J., delivering the opinion of the court:

The defendant in the above stated case has demurred specially to the first, second and sixth counts of plaintiff's declaration, and alleged the following causes, viz.:

(1) For that in the first and second counts it nowhere appears in what act or omission the defendant's negligence consisted.

(2) For that in the second count it does not appear in what manner or to what extent the defendants were unable to control the motor vehicle.

(3) For that in the sixth count no duty on the part of the defendant is alleged.

(4) For that the said first, second and sixth counts are in other respects uncertain, informal and insufficient.

The part of the first count material to the present case is the following:

" That the servant of the defendants, at that time in the course and scope of his employment driving and operating the motor vehicle of the defendants, was then and there careless and negligent in the use and operation of said motor vehicle, whereby the said motor vehicle did then and there run into, over and upon Joseph Silvia, whereby the said Joseph Silvia, at the time and place aforesaid, by the carelessness and negligence of the servant of the defendants sustained serious wounds and injuries," etc.

[1, 2] It will be observed that the averment of negligence in this count is of the most general character; there is no specific act of negligence alleged and consequently the defendant is not clearly and sufficiently informed of the charge he must meet at the trial. This is, after all, the test under the rulings in this state, and particularly the later cases. The plaintiff cited a number of cases from other states which in the absence of our own decisions might be very persuasive. The case of *Donahoe v. Wilmington City Railway*, 4 *Pennewill*, 55, 55 *Atl.* 1011, was also cited as being very similar to the present case in respect to the averment of negligence, and in which the count demurred to was sustained. Attention was particularly called to this case because it was decided after the case of *King v. Wil. & N. C. E. Ry. Co.*, 1 *Pennewill*, 452, 41 *Atl.* 975, in which a general charge of negligence was held insufficient. I will not attempt to point out the distinction between the two cases, because it is enough to say that this

court has held in still later cases, and particularly in the case of *Campbell v. Walker,* 1 *Boyce,* 580, 76 *Atl.* 475, that a general charge of negligence as in the present case, is insufficient. The last mentioned case is on all fours with the case at bar in respect to the question before the court, and to hold the first count of plaintiff's declaration good would overrule the Campbell Case, as well as others that are similar in principle.

In the second count the negligence averred is that the servant of the defendant carelessly and negligently operated the motor vehicle, by driving the same or permitting it to run at so great a speed that he was unable to control it, and by reason thereof the said motor vehicle struck the said Joseph Sylvia, whereby he, the said Sylvia, by the carelessness and negligence of the servant of the defendants sustained serious wounds, etc.

[3]   It is charged in this count that the servant of the defendants was driving his automobile at an excessive rate of speed at the time and place of the accident, that is, at such a rate of speed that he could not control his car under the conditions existing at the time, that his inability to control the car was owing to its speed. This, in my judgment, is what the averment means, and it sufficiently informs the defendant of what he may be expected to meet at the trial.

The objection to the sixth count is that there is no duty on the part of the defendants alleged.

The averment of negligence in this count, is that the servant of the defendants was careless and negligent in the use and operation of his motor vehicle in that he failed to exercise reasonable and proper diligence and efforts in endeavoring to bring said motor vehicle to a stop after discovering the said Joseph Silvia in the street, lawfully working thereon, in the exercise of due care and caution on his part, whereby the said motor vehicle ran over the said Sylvia, and by the carelessness and negligence of the servant of the defendants sustained serious injuries, etc.

[4]   Unquestionably the law imposes on the driver of a motor vehicle the duty of exercising reasonable diligence in bringing his car to a stop after discovering a pedestrian in front of him in

danger of being struck by the car. But it is not averred that Sylvia was in a position of danger at the time.

It is impossible for me to distinguish this case from the case of *Hughes v. Connable*, 5 *Pennewill*, 523, 64 *Atl.* 72, in which the declaration alleged that the servant of the defendant ran his automobile at a rapid rate of speed and carelessly and negligently omitted to give reasonable notice to the plaintiff of the approach of the automobile in time for the plaintiff to get out of the way, and in consequence thereof the automobile struck the plaintiff who was then and there using due care and caution on his part.

[5] This averment was held insufficient, and while the court gave no reasons for its decision, it was, judging from the argument, based upon the fact that there was no duty upon the driver of an automobile to give warning unless the exigencies of the occasion demanded it, and he saw that there was danger of collision; that the counts alleged no such facts as required notice, and were, therefore, insufficient. And accordingly I hold the said sixth count insufficient because it fails to allege any facts which required the driver to stop his car, any duty on the part of defendants.

The demurrer is sustained as to the first and sixth counts, and overruled as to the second count.

*NOTE: The prior Delaware cases bearing on this question are collected in *Campbell vs. Walker* 1 *Boyce* 580.