AARON HILL, an infant by his next friend, Ethel Hill, *v.* WILLIAM W. DAY.

(*June* 6, 1938.)

LAYTON, C. J., and SPEAKMAN, J., sitting.

*Meyer Ableman* for plaintiff.

*Tunnell and Tunnell* for defendant.

Superior Court for Sussex County, No. 50, February Term, 1938.

LAYTON, C. J., delivering the opinion of the Court:

Three objections are urged to the sufficiency of the first count: want of causal connection between the speed of the automobile and the accident; ambiguity, in that it is left in doubt whether the negligence is referable to speed or loss of control; and, if referable to speed, that the allegations amount to a conclusion of law that a speed of thirty-five miles an hour necessarily entails loss of control.

The count is based upon *Sec.* 5621, *Rev. Code,* 1935. By this statute, a speed in excess of twenty-five miles an hour through a thickly settled portion of a town where the buildings average less than one hundred feet apart, is deemed *prima facie* evidence of unreasonable speed. In a crowded street, common prudence demands that an automobile shall be kept under control in order to avoid or, at least, lessen the danger of collision. The statute reflects only what common experience and observation teach, that the control of a motor vehicle is, to the largest degree, dependent upon its speed. By control is meant not alone the ability to guide the machine. The term comprehends the ability to stop it easily and quickly, and its speed is the critical element in determining whether it is under control. *Lorah v. Rinehart,* 243 *Pa.* 231, 89 *A.* 967; *Huddy, Automobiles, Vol.* 5-6, § 53.

The count avers with particularity the situation confronting the defendant, the unlawful rate of speed, and that by reason of the speed he lost control over his automobile on account of which he drove it into and against the plaintiff. The resulting injury was a natural and probable consequence of the violation of the statute, one which, in the light of attending circumstances, ought to have been foreseen by a person of average intelligence and prudence. "Cause" and "consequence" are correlative terms; and when an act or omission is adapted to produce or to aid in producing a result, and the result follows in natural sequence, that result is a consequence of the act or omission, and the

latter the cause of the result. In applying the doctrine of proximate cause, foreseeability of injury by ordinary forecast must be considered, and this is to be determined by considerations of logic, common sense, justice, policy and precedent. See *South Atlantic S. S. Co. v. Munkacsy,* 7 *W. W. Harr.* (37 *Del.*) 580, 187 *A.* 600; *Island Express v. Frederick,* 5 *W. W. Harr.* (35 *Del.*) 569, 171 *A.* 181; *Stucker v. American Stores Corporation,* 5 *W. W. Harr.* (35 *Del.*) 594, 171 *A.* 230. No particular form is required in alleging the causal connection between the negligence charged and the injury. It is sufficient that facts are alleged which, fairly construed, lead with reasonable certainty to the conclusion that the injury resulted proximately from the negligence charged.

It is contended that some averment must be made that the defendant saw, or should have seen, the plaintiff in time to stop his automobile, had he been driving at a proper rate of speed, and for want of such averment, proximity of cause is not shown. This contention is suggestive of the thought that it is necessary for the plaintiff to aver want of contributory negligence, which, in this State, is not required, *Baltimore & O. R. R. Co. v. Hawke,* 4 *W. W. Harr.* (34 *Del.*) 25, 143 *A.* 27; *Le Gates v. Ennis,* 7 *W. W. Harr.* (37 *Del.*) 31, 180 *A.* 325; or that the basis of the plaintiff's claim is the last clear chance doctrine. The plaintiff's claim is not based upon the doctrine as the declaration is understood. So far as the declaration shows, the plaintiff was where he had a lawful right to be, and his injury resulted directly from the lack of control of the defendant over his automobile superinduced by the unlawful speed at which he was driving it. The count is not argumentative or ambiguous, nor does it state a legal conclusion. The demurrer to the count is overruled.

The second count is objected to on two grounds, first, that there is no causal connection shown between the fail-

ure to keep a sharp lookout for others on the highway and, second, that the count is duplicitous, in that it charges both the negligent failure to keep a sharp lookout and the negligent failure to bring the car to a complete stop.

If the first objection were to be considered only, the count would be sufficient. It is the duty of the operator of a motor vehicle to maintain, at all times, a proper lookout for the presence of vehicles and persons on a highway, for he is bound to anticipate their presence. The duty becomes more strict as the presence of others actually exists, or becomes more probable. The duty to look implies the duty to see that which is in plain sight, unless some reasonable explanation is offered. Bearing in mind what has been said with respect to proximate cause, the count charges sufficiently a causal connection between the failure to maintain a proper lookout and the injury. But, the second objection is that the count is duplicitous. Perhaps it may be more aptly said that it is indefinite and lacks clearness. At least it can be said that it does not inform the defendant with reasonable precision of what he is required to meet. The duty is charged to keep a sharp lookout in order that the defendant could bring his car to a complete stop. Two negligences seem to be charged, the one the failure to keep a sharp lookout, the second, the failure to bring the automobile to a complete stop. If the plaintiff intended to rely upon a combination of acts or omissions constituting, in effect, one negligence, he has singularly failed in his effort. The failure to keep a proper, or as it is termed, a sharp lookout, in itself, would, in the circumstances, constitute a cause of action. *Hunter v. Philadelphia, B. & W. R. R. Co.*, 1 *Boyce* 5, 75 *A.* 962. The circumstances may be such, as when a collision is imminent, that reasonable care requires the stopping of the automobile. It may be negligence to move the car at all, as, for example, where a pedestrian is crossing the course of the automobile in such proximity to it that a collision is

reasonably to be apprehended. It is not averred that the plaintiff was in such position. *Silvia v. Scotten,* 1 *W. W. Harr.* (31 *Del.*) 290, 291, 114 *A.* 206; *Huddy, Ency. Automobile Law,* 5-6, § 56. Upon a proper averment of facts, the failure of the defendant to bring his automobile to a complete stop, would have constituted a cause of action notwithstanding that he kept a sharp lookout. As it is the count does not come within the rule announced in *Mullin v. Blumenthal,* 1 *Penn.* 476, 42 *A.* 175. It is duplicitous in effect. Considered as an effort to group several acts to constitute but one cause of action, the count is insufficient in that, while the duty to keep a sharp lookout is clear, it does not disclose a situation requiring the defendant to bring his car to a complete stop. The demurrer to this count is sustained.

The third count does not differ greatly from the first count. It charges a duty to drive slowly, notwithstanding which, the defendant drove his car at a reckless and dangerous rate of speed, to-wit, thirty-five miles an hour. It does not aver, as in the first count, loss of control, but the surrounding circumstances are set out, a street in a town which, at the time, was much used by children and other pedestrians, walking, running, crossing and being on, over and along the street. The duty to drive slowly, considering the circumstances, is manifest. At the rate of speed alleged, injury to a pedestrian was not improbable. What has been said with respect to the first count is a sufficient answer to the contention that causal connection between the speed of the automobile and the injury is not shown. The demurrer to this count is overruled.

The objections to the fourth count are two in number, one, that the duty to give warning of the approach of the automobile by sounding the horn was not cast upon the defendant in the circumstances shown, and, two, that no causal connection is shown between the negligence al-

leged, the failure to sound the horn, and the injury. This count alleges generally the duty of the defendant to sound a warning of his approach. If the actions of the pedestrian indicate that he is unaware of the nearness of the automobile and is in danger of getting in the way, it is the duty of the operator to sound the horn. Generally speaking, the duty does not arise unless the exigencies of the occasion demand its performance. The count is insufficient for the reason that the facts averred are inadequate to give rise to the duty. *Silvia v. Scotten et al., supra; Hughes v. Connable,* 5 *Penn.* 523, 64 *A.* 72; *Huddy, supra,* § 52. The demurrer to this count is sustained.