## Wolowitz v. The Equitable Life Assurance Society of the United States

*W. J. Krencewicz*, for plaintiff.

*Roy P. Hicks*, for defendant.

PALMER, P. J., February 20, 1950.—On September 1, 1949, plaintiff, Abe Wolowitz, filed a complaint in assumpsit.

Defendant filed a preliminary objection to it by "a motion for a more specific pleading" allowable by Pa. R. C. P. 1017(*b*) (3) ; and its sole objection is grounded upon the proposition that paragraph 3 of the complaint "is vague, indefinite and lacking in particularity for the reason that it fails to set forth the nature, character, description, basis for, or reason for such disability or incapacity".

Paragraph 3 of the complaint reads as follows:

"The said plaintiff, on the 20th day of January, 1948, became totally and permanently disabled to such an

extent that he by reason of such disability or incapacity was rendered wholly and permanently unable to engage in any occupation or perform any work for compensation of financial value, and at the time of the commencement of said disability was under the age of sixty years."

Pa. R. C. P. 1019 (*a*) provides "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form".

The rule undoubtedly contemplates that the material facts shall be stated specifically, otherwise the rules would not allow a motion for a more specific pleading under the heading of preliminary objections.

The allegation in paragraph 3 is neither vague or indefinite. That plaintiff is totally and permanently disabled and that as a result he cannot engage in any occupation or perform work, and that he was, at such time, under sixty years of age is a clear statement as well as a definite statement, excluding, however, the allegation that he was "under sixty years of age".

Whether the averment contained in paragraph 3 is specific when it omits the statement therein as to the nature, character, description, and cause of the disability is the question for decision.

All the cases cited by defendant are cases in which a particular or specific averment was required in allegations as to damages and, of course, bear analogy to the question under discussion. This court has consistently and uniformly held that certain allegations as to damages must be alleged particularly or specifically. Plaintiff cites the case of Scaccia, etc., Admr., v. The Prudential Insurance Co. of America, 46 D. & C. 34, where the court held that a statement of claim filed under the Practice Act of 1915 was sufficiently specific notwithstanding that it omitted averments as to the nature and character of the circumstances which resulted in the death of the insured.

Specific (in common usage) means definite or particular and, in law, means the designating of a definitely distinguishable fact, or "tending to specify or make particular. Although the term is a relative one, it is limited to a particular, definite, or precise thing, and hence is the very opposite of 'general' ": 58 C. J. 826, §2.

In other States, in general pleading, a specific statement was obtained by securing a bill of particulars, hence it was held "in any case where, from any cause, a party is placed in such a situation that he cannot properly plead or prepare for trial unless he is apprised of the particulars and circumstances of his opponent's case with *more particularity than is required by the rules of pleading*, the court may direct that information as to such matters shall be seasonably furnished": 49 C. J. 624, §886.

A familiar and similar rule has long prevailed in this State in the practice of allowing a respondent to obtain a bill of particulars even though libellant in the complaint has complied with the rules of pleading in stating the cause of action.

"Pleadings are designed not only to put in issue single points, but to apprise the parties of what they are to come prepared to try. Pleadings, therefore, possess a double function and are designed, first, to ascertain and present the real points in controversy, so that the minds of the Court and jury may not be drawn off upon matters immaterial, irrelevant and unimportant to the true issue, and second, to acquaint the opposing party with the facts that are intended to be proved in support of the issue tendered. With respect to the latter function of pleading, it has uniformly been held, that while the plaintiff is not required to make a detailed and minute statement of the circumstances of the cause of action, he must nevertheless set forth in his declaration the facts upon which he bases his action *with a particularity and certainty that will* reasonably

inform the defendant what he proposes to prove at the trial, in order that the defendant may have a fair opportunity to meet and controvert those facts in defense. Any other rule would defeat rather than promote this object of pleading, and would make a declaration an instrument to conceal rather than to disclose facts.

"A declaration is defined to be 'the specification in methodical and legal form of the circumstances which constitute the plaintiff's cause of action.' (Chitty's Pl. 240, 231). In making the specification of circumstances contemplated by the definition, it is held, as general rules, that (1) it is not sufficient to state a mere conclusion of law, nor (2) is it sufficient to state the result or conclusion of fact, arising from circumstances not set forth in the declaration, and (3) that it is not sufficient to make a general statement of facts which admits of almost any proof to sustain it." Campbell v. Walker, 1 Boyce 580, Delaware; Sunderland's Cases Common Law Pleading, pages 178-79. (Italics supplied.)

Reading Pa. R. C. P. 1019 (a) with reference to Pa. R. C. P. 1017 (b) (3) we construe the rule to mean that the material facts shall be stated specifically and with particularity, such particularity and general rules of pleading as was expressed in the opinion of Mr. Justice Wooley in the case of Campbell v. Walker, supra. It would be vain to cite authority for the proposition that if a plaintiff, in assumpsit, brought an action to recover for merchandise sold defendant, that he would not be compelled to state of what the merchandise consisted; or in a trespass action to allege negligence, and not state in what particular defendant was negligent.

In King et al. v. Brillhart, 271 Pa. 301, the Supreme Court of Pennsylvania, in an opinion written by the late Justice Walling declared that a defendant could obtain a rule for a more specific statement. The Practice Act of 1915 made no such provision, and the decla-

ration of the Supreme Court was made, in our opinion, on the ground that even if a statement of claim complied formally with the relevant section of the act under which it was drawn it must contain specific statements.

In the instant case paragraph 3 does not apprise defendant as to the particular ailment which causes his permanent and total disability or reasonably inform defendant what he proposes to prove at the trial to sustain his contention. Without this information defendant cannot properly prepare for trial.

If plaintiff suffers his disability from one or a variety of ailments, he must set them forth.

This conclusion cannot be reconciled with the learned opinion of Judge Hipple in the Scaccia case, but we prefer to adhere to the pronouncements which we have quoted in this opinion.

And now, February 20, 1950, the preliminary objection of defendant is sustained, and plaintiff is given 20 days from this date to amend his complaint in compliance with the views herein expressed.