ASSAULT &
BATTERY.

Case 85.

### *Trimble vs. Spiller.*

Error to the Clarke Circuit; GEORGE SHANNON, Judge.

*Damages. Husband and Wife.*

June 18.

Judge OWSLEY delivered the Opinion of the Court.

SPILLER sued Trimble and wife, and declared against them for a trespass, assault and battery, committed by Mrs. Trimble upon the daughter of Spiller, by which he sustained great loss of service, &c.

Evidence.

At the trial in the circuit court, after the battery

as charged in the declaration was proved, under circumstances highly aggravated and injurious to the feelings of Spiller, and derogatory to the character of his family, Trimble moved the court to instruct the jury, that in their estimate of damages they could not regard the disgrace of Spiller or his family which resulted from the battery. But his motion was overruled, and the jury were instructed, that, in estimating the damages, they had a right to consider the injury to the feelings of the parents, and the character of the family, occasioned by the assault and battery proved.

The question for the determination of this court is, was the circuit court correct, both in refusing and in giving the instructions.

In our researches upon the subject, we have met with no reported case in which such a question, in an action like the present, has ever undergone a direct adjudication. But cases are to be found in which questions turning upon analogous principles, have been decided, and which are understood to sustain the decision of the circuit court. The legal foundation of the action is the same, whether it be brought by a parent for the seduction, or battery, of his daughter. If there be a loss to the parent of the service of his child, he has an unquestionable right to maintain the action in either case, and in neither case is he allowed to recover without proof of the loss of service, or what, by construction of law, is equivalent thereto. The loss of service is not, however, admitted to form the sole and exclusive consideration for the jury, in estimating damages, in either case. There is no principle that can limit the jury, in their estimate of damages, to the amount of damages from loss of service, occasioned by a battery on the child, that would not equally apply to the estimate of damages occasioned by the seduction of the daughter; and the rule is well settled, that, in an action by a parent for the seduction of his child, the jury are not confined in their estimate of damages to the mere amount of the damage from loss of service, and the expense consequent upon the seduction, but may award compen-

Trimble &c.
vs.
Spiller.

Instructions.

In the husband's action for the battery of his wife, the damages are not limited to the amount of her services lost, but may be assessed for the injury to the feelings of the parties and character of the family, as in case of the seduction of a daughter.

TRIMBLE &c.  sation for the dishonor and disgrace cast upon the
vs.  plaintiff and his family by such an injury. 3
SPILLER.  Starkie's Evi. 1308.

Hence we infer that there is no error, either in
refusing, or giving, the instructions to the jury. The
judgment is consequently affirmed, with cost and
damages.

J. *Speed Smith* for plaintiff; *Crittenden* for defend-
ant.