## MARY E. CAMPBELL *vs.* ALFRED W. WALKER.

*Pleading—Common-law Rule; Purpose Of—Declaration Defined—Acts of Negligence and Not Statement of Conclusion—Highways—Wayfarers of Equal Rights and Duties.*

1. The rules and principles of common-law pleading as they existed at the time of our independence, excepting so far as they may have been changed or modified by constitutional or statutory provision, constitute the system of pleading employed by the courts of this State.

2. The object of pleading is to reduce the controversy to certain and precise issues of law and fact.

3. Pleadings are designed not only to put in issue single points, but to apprise the parties of what they are to come prepared to try.

4. Pleadings possess a double function—*first,* to ascertain and present the points in controversy, so that the minds of the Court and jury may not be drawn off upon matters immaterial, irrelevant and unimportant to the issue; and, *second,* to acquaint the opposing party with the facts intended to be proved in support of the issue tendered.

5. While the plaintiff is not required to set forth in his declaration a detailed statement of the circumstances of the cause of action, he must allege the facts, including time, place and circumstances as far as relied upon with such particularity and certainty as will reasonably inform the defendant what he proposes to prove at the trial in order that the defendant may have a fair opportunity to meet and controvert such facts.

6. A declaration is defined to be the specification in methodical and legal form of the circumstances which constitute the plaintiff's cause of action.

7. A declaration is insufficient which, in making specification of circumstances, (1) states a mere conclusion of law; (2) states the result or conclusion of fact, arising from circumstances not set forth therein, and (3) contains a general statement of facts which admits of almost any proof to sustain it.

8. While an averment of the fact of a collision, without stating the particular act of negligence that caused it, may be sufficient in those exceptional cases where by reason of the relation of the parties, the law places upon one a high duty to prevent injury to another, or where the act itself bespeaks the negligence of its cause, it cannot be held that from the mere statement of the fact of collision upon a highway, between wayfarers with equal rights and duties, the law will infer the collision to have been the result of negligence, or the negligence to have been that of the defendant.

9. The mere statement of the fact of a collision upon a highway, between wayfarers with equal rights and duties, does not disclose a cause of action. It is necessary to allege the acts of negligence if any that caused the fact of collision and which constitute the cause of action.

Syllabus.

10.   In an action for personal injuries as the result of a collision between an automobile and plaintiff's vehicle, it devolves upon the plaintiff to disclose to the defendant the cause of the collision and to state the acts that contributed to its occurrence.

11.   An averment in a declaration that the defendant "so negligently and carelessly operated and ran his automobile" states no fact or circumstance that fastens upon the defendant the negligence which must be shown to entitle the plaintiff to recover in that (1) it is a statement of a conclusion of fact, arising from acts or circumstances not set forth in the declaration, and (2) it is a statement so general as to admit almost any proof to sustain it.

12.   An averment in a declaration "that the defendant is blind in one of his eyes and of imperfect vision, and is not on account of said blindness and imperfection of vision competent to run and operate an automobile on the public roads with reasonable safety to other users of said public roads   *   *   *   that on account of the said premises it was negligence for the defendant to operate and run said automobile   *   *   *   that by reason of said blindness etc. said automobile collided with and struck said vehicle," is well pleaded and traversable.

13.   Under a count charging negligence, as last above stated, the plaintiff, in order to succeed, must show at the trial that the imperfection of the defendant's vision extended to the point of rendering him incompetent to safely operate the automobile.

14.   The following negligence  cases, *King vs. W. & N. C. E. Ry. Co.*, 1 *Penn.* 452  *Clark vs. D . S. S. Co.*, 2 *Penn.* 522; *Jones vs. Peoples Ry. Co.*, 4 *Penn.* 201; *Kennedy vs. Delaware Cotton Co.*, 4  *Penn.*  353; *Newton vs. Peoples Ry. Co.*, 4 *Penn.* 350; *Reidel vs. W. C. Ry. Co.*, 5 *Penn.* 572; *Hunter vs. P., B. & W. R. R. Co.*, 1 *Boyce* (expressly distinguished from *Donahoe vs. W. C. Ry. Co.*, 4 *Penn.* 55) lay down the rule of pleading adopted by this Court.    Other Delaware cases cited: *Donohoe vs. Star Pub. Co.*, 3 *Penn.* 545; *State vs. Collins*, 1 *Harr.* 216; *Reading's Heirs vs. State*, 1 *Harr.* 190; *Easton vs. Jones*, 1 *Harr.* 433; *No. A.* 436; *State vs. Short*, 2 *Harr.* 152.

(*June*  2,  1910.)

Judges CONRAD and WOOLLEY sitting.

*Levin Irving Handy* for plaintiff.

*J. Harvey Whiteman* for defendant.

Superior  Court,  New Castle  County,  May  Term,  1910.

DEMURRER.    ACTION ON THE CASE (No. 65, January Term, 1910.)   Pleading and questions of law appear in the opinion of the Court.

(See report of same case, 2 Boyce.)

WOOLLEY, J., delivering the opinion of the Court:

The first count of the declaration charges that "the defendant, so negligently and carelessly operated and ran his automobile over and along one of the public roads of New Castle County * * * while the said plaintiff was then and there traveling along the said public road, riding in a vehicle drawn by a horse which was drawn then and there with due care and caution, * * * and that by reason of the said negligent and careless running of the said automobile the said vehicle was struck from the rear by the said automobile and by means of the said collision the said plaintiff was thrown out of the said vehicle," and injured. To this count, the defendant demurred specially, stating several causes of demurrer.

The substance of the count is, that the defendant so negligently and carelessly operated his automobile that it struck the rear of the plaintiff's vehicle, and by reason of the collision she was injured. The substance of the demurrer is that the count does not show the facts and circumstances of the collision with a particularity sufficient to enable the defendant to know what the plaintiff proposes to prove, and that the count does not contain an allegation of negligence sufficient to apprise him of the acts of negligence that it calls upon him to defend. The issue of law raised by the demurrer, therefore, is whether the first count of the declaration is such a specification of the facts and circumstances which constitute the plaintiff's cause of action as requires an answer by the defendant.

It has been long and firmly established in Delaware, that the rules and principles of common law pleading as they existed at the time of our independence, excepting so far as they may have been changed or modified by constitution, or statutory provision, constitute the system of pleading employed by the courts of this State. (*Donahoe vs. Star Pub. Co.*, 3 *Penn.* 545). As elementary principles of that system, it was announced in the very first of our State reports, that "The object of pleading is to reduce the controversy to certain and precise issues of law and fact, on which, as containing the pretensions or claims of the

parties, the opinion of the court and jury may be taken, and a decision had in accordance with the principles of justice" (*State vs. Collins*, 1 *Harr*. 216), and further, that "Pleadings are designed not only to put in issue single points, but to apprise the parties of what they are to come prepared to try." (*Reading's Heirs vs. State*, 1 *Harr*. 190, 192). Pleadings, therefore, possess a double function and are designed, *first*, to ascertain and present the real points in controversy, so that the minds of the Court and jury may not be drawn off upon matters immaterial, irrelevant and unimportant to the true issue (*Easton vs. Jones*, 1 *Harr*. 433, *note A*, 436), and *second*, to acquaint the opposing party with the facts that are intended to be proved in support of the issue tendered. With respect to the latter function of pleading, it has uniformly been held from the cases in 1 *Harrington* to *Hunter vs. P., B. & W. R. R. Co.*, in 1 *Boyce*, that while the plaintiff is not required to make a detailed and minute statement of the circumstances of the cause of action, he must nevertheless set forth in his declaration the facts upon which he bases his action, with a particularity and certainty that will reasonably inform the defendant what he proposes to prove at the trial, in order that the defendant may have a fair opportunity to meet and controvert those facts in defense. Any other rule would defeat rather than promote this object of pleading, and would make a declaration an instrument to conceal rather than to disclose facts.

The principles of pleading, consisting, as it is said, of rules founded upon good sense and formed for the furtherance of justice (*State vs. Short*, 2 *Harr*. 152, 156; *Easton vs. Jones*, 1 *Harr*. 433, *note A*, 436), work no hardship in requiring a plaintiff to disclose the acts for which he calls upon another to respond. in damages, nor are they unfair to a plaintiff, who complains of the acts of another, and who therefore should know of what acts he complains, in requiring that those acts should not be concealed by language that is vague or by terms that are general. On the contrary, the rules of pleading require, that the time, place and circumstances of the matter in action, so far as relied on and

Opinion.

within the knowledge of the party, must be specified with a fullness and fairness that will reasonably apprise the opposing party of what he is required to meet.

A declaration is defined to be "the specification in methodical and legal form of the circumstances which constitute the plaintiff's cause of action." (*Chitty's Pl.* 240, 231). In making the specification of circumstances contemplated by the definition, it is held, as general rules, that (1) it is not sufficient to state a mere conclusion of law, nor (2) is it sufficient to state the result or conclusion of fact, arising from circumstances not set forth in the declaration, and (3) that it is not sufficient to make a general statement of facts, which admits of almost any proof to sustain it. (*King vs. W. & N. C. E. Ry. Co.*, 1 *Penn.* 452; *Jones vs. Peoples Ry. Co.*, 4 *Penn.* 201; *Riedel vs. W. C. Ry. Co.*, 5 *Penn.* 572.)

When stripped of its formal language, the one fact stated, in the first count of the declaration is, that the defendant's automobile struck or came into collision with the plaintiff's vehicle and the one thing charged to the defendant is, that the collision occurred by reason of the defendant's negligent and careless running of the automobile. The one thing of which the defendant is certainly informed by this averment is the fact of collision, and the one thing for which he is held accountable is the cause of the collision.

While an averment of the fact of a collision, without stating the particular act of negligence that caused it, may be sufficient in those exceptional cases where by reason of the relation of the parties, the law places upon one a high duty to prevent injury to another, or where the act itself bespeaks the negligence of its cause, it cannot be held that from the mere statement of the fact of collision upon a highway, between wayfarers with equal rights and duties, the law will infer the collision to have been the result of negligence, or the negligence to have been that of the defendant. In such cases the fact of collision is not the cause of action but the acts of negligence that caused the fact of collision, constitute the cause of action. It therefore devolves upon the plaintiff, in holding the defendant accountable for the fact of collision, which may have been the result of inevitable accident or of one

of many negligent acts of either party, to disclose to the defendant the cause of the collision and to state the acts that contributed to its occurrence. The expression—"so negligently and carelessly operated and ran his automobile,"—states no fact or circumstance that fastens upon the defendant the negligence which must be shown to entitle the plaintiff to recover, and is clearly within two of the objections before stated, in that it is a statement of a conclusion of fact, arising from acts or circumstances not set forth in the declaration, and it is a statement so general as to admit almost any proof to sustain it. If the averment of negligence in the first count were held sufficient, the remaining five counts are superfluous, for the averment in the first count is sufficiently general and indefinite in its terms to admit in its support the proofs intended to maintain the particular averments of each of the other counts.

The Court considers that in actions of this character, the rule of pleading laid down in *King vs. W. & N. C. E. Ry. Co.*, 1 *Penn.* 452; *Clark vs. D. S. S. Co.*, 2 *Penn.* 522; *Jones vs. Peoples Ry. Co.*, 4 *Penn.* 201; *Kennedy vs. Delaware Cotton Co.*, 4 *Penn.* 353; *Newton vs. Peoples Ry. Co.*, 4 *Penn.* 350; *Riedel vs. W. C. Ry. Co.*, 5 *Penn.* 572; *Hunter vs. P. B., & W. R. R. Co.*, 1 *Boyce*, which is expressly distinguished from and is not disturbed by the ruling in *Donahoe vs. W. C. Ry. Co.*, 4 *Penn.* 55, constitutes the rule of pleading adopted by this Court. The demurrer to the first count of the declaration is therefore sustained.

The fourth count of the declaration alleges the fact of a collision of the defendant's automobile with the vehicle in which the plaintiff was riding, and avers that the collision and consequent injury were due to the negligence of the defendant, "in that the defendant is blind in one of his eyes and of imperfect vision, and is not on account of said blindness and imperfection of vision competent to run and operate an automobile on the public roads with reasonable safety to other users of the said public roads, and plaintiff alleges that on account of the premises it was negligence for the defendant to operate and run said automobile then and there and that by reason of said blindness and imperfect

vision of the defendant the said automobile collided with and struck the said vehicle."

The defendant has demurred generally to this count upon the ground that the imperfection of vision therein averred, relates to and means such an imperfection as is the result of the defendant's blindness in one of his eyes, and that the law will not infer that because a man is blind in one eye he is therefore incompetent to run and is negligent in operating an automobile by the use of the other eye.   If the averment of negligence was in the language or within the meaning urged by the defendant, namely, "that the defendant being blind in one eye, was therefore negligent in running and operating the said automobile," we might agree that the operation of an automobile by a man with one eye does not *per se* constitute negligence upon which to support an action at law, for obviously the test of a man's capacity to safely guide an automobile depends not upon the number of his eyes, but upon his capacity to see.   And it is with respect to the defendant's capacity to see and safely guide a machine, that we gather from the count the plaintiff has charged negligence.   The averment of negligence as we read it, is, in effect, that the defendant was incompetent to run an automobile by reason of blindness in one eye and imperfection of vision, and that in being so incompetent he is chargeable with negligence in operating the machine on the occasion of the collision.   The negligence charged is the defendant's incompetence, and not his blindness in one eye, and the reasons given for his incompetence, are that he is blind in one eye, which means that in one eye, he has no vision, and that he is "of imperfect vision," which must mean that in the other eye he has vision though limited or defective, and when considered with respect to recovery for the injury sustained in the collision complained of in this action, means that his imperfection of vision or his general inability to see, was of such a character as to have made the defendant incompetent to operate the automobile and to such a degree as to have been the cause of the collision.

As incompetence, for the reasons given, is the one ingredient in the negligence charged, it is apparent that to succeed upon this count, the plaintiff must show at the trial that the imperfection

Opinion.

of the defendant's vision extended to the point of rendering him incompetent to safely operate the automobile, otherwise his vision, though shown to be to a lesser extent imperfect, could not have entered into the cause of the collision. Applying the test of evidence to the averment, if the plaintiff were to offer evidence of the defendant's blindness in one eye and prove nothing more, she would not thereby prove that the defendant could not see with the other eye sufficiently well to operate the machine, and hence she would fail to prove that incompetence resulting from imperfection of vision which is necessary to support the averment of the count. If, on the other hand, she were to prove that the defendant "on account of said blindness and imperfection of vision," was "not competent to run and operate the said automobile," and being so incompetent, ran it, and because of his incompetency, injured the plaintiff, her proof would support the averment.

. We are of opinion that the averment of negligence in the fourth count is well pleaded and traversable, and therefore overrule the demurrer.