UNIVERSAL OIL PRODUCTS COMPANY *v.* THE VICKERS PE-
TROLEUM COMPANY OF DELAWARE.

*(October* 15, 1940.)

LAYTON, C. J., and TERRY, J., sitting.

*Southerland, Berl, Potter* and *Leahy* for plaintiff.

(*Roswell L. Gilpatric* and *Robert M. Diggs,* of New
York, of counsel.)

*Logan* and *Duffy* for defendant.

Superior Court for New Castle County, September
Term, 1940.

LAYTON, Chief Justice:

The question attempted to be raised is whether the plaintiff, although it had unlawfully combined with others in restraint of trade, may yet enforce a contract entered into by it with a third person. The answer to the question depends, of course, on whether the contract sued on was only collateral to the illegal purpose of the unlawful combination and is not inherently illegal.

Questions of the kind presented are often difficult of solution, dependent upon a variety of facts and circumstances; and the remarkable feature of the pleas demurred to is the absence of factual averment. The only information given the court is that the plaintiff and others, prior to the execution of the contract sued on, had entered into a combination and conspiracy in restraint of trade, offensive to the specific provisions of the Sherman Act and to the common law, and that the plaintiff caused the defendant to enter into the contract by virtue of and as a part of the combination and conspiracy.

If these patent conclusions shall be accepted as proper averments of fact, it may be difficult to avoid the conclusion that the case is within the scope of the decision in *Continental Wall Paper Co. v. Louis Voight & Sons,* 212 *U. S.* 227, 29 *S. Ct.* 280, 53 *L. Ed.* 486. But that case represents a narrow exception to the general rule that collateral contracts entered into by a monopoly or corporate

trust are enforceable; and such an important question clearly ought not to be decided blindly.

We do not suppose that counsel were ignorant of the principles of pleading as repeatedly declared by the courts of this State from the time of our earliest reports; but we are not concerned with the reasons, whatever they may be, for the disregard of those principles.

In *State to Use of Godwin v. Collins et al.,* 1 *Harr.* 216, it was said that the object of pleading is to reduce the controversy to certain and precise issues of law or fact, on which, as containing the pretensions or claims of the parties, the opinion of the court or jury may be taken. So, in *Campbell v. Walker,* 1 *Boyce* 580, 76 *A.* 475, in an opinion frequently cited and relied on, it was said that pleadings have a double function. Not only are the rules of pleading designed for the purpose of informing the opposing party of the facts intended to be proved in support of the issue tendered, but also to ascertain and present the real points in controversy, so that the minds of the court and jury may not be drawn off upon matters immaterial, irrelevant and unimportant to the true issue.

The first function or purpose of written pleadings is, primarily, for the protection of parties, so that they may know what they will have to meet at the trial. The second purpose has a wider scope; for while the rules serve to protect the parties, they also aid the court in the administration of justice by supplying facts so that it may be judged whether a cause of action, or a bar to an action, is disclosed, and that the field of inquiry may be limited to matters pertinent to the real issues.

*Thomas v. Grand Trunk Railway Co.,* 1 *Penn.* 593, 42 *A.* 987, is a case somewhat similar to the one before the court. There the plaintiff sought to recover damages for

the failure of the defendant to deliver at Toronto, Canada, a carload of peaches received by it as a common carrier. One of the special pleas filed alleged that the peaches had been seized by the customs officials of Canada for a violation by the plaintiff of the laws of the Dominion in that the statement of the amount of fruit shipped as shown by the bill of lading was false and that the peaches had been sold by the officials under process issued upon and pursuant to the seizure. The plea was demurred to generally. It was argued that the demurrer admitted the violation of the law, the seizure and sale. But it was held that a foreign statute must be pleaded, and while a demurrer admits all such matters of fact as are sufficiently pleaded, yet it is no admission of the fact unless pleaded in a formal and sufficient manner.

In *Campbell v. Walker, supra,* it was laid down as a general rule that it is not sufficient to state the result or conclusion of fact arising from circumstances not set forth in the declaration, nor to make a general statement of the facts which admits of almost any proof to sustain it.

The pleas aver conclusions from facts not set forth. They disclose no defense. The real points in controversy are not ascertained and presented. There is nothing to guide the court at the trial of the case in the keeping of evidence within proper bounds.

If it be said that the plaintiff has not urged the objection, the answer is that the sufficiency of a pleading must be determined from the pleading itself, and where it is clearly insufficient the court ought so to declare to the end that the purposes of the rules of pleading may be accomplished.