## KANE v. NEWS SYNDICATE CO., Inc., et al.

District Court, S. D. New York.

March 5, 1941.

Albert E. Kane, of New York City, for plaintiff.

Townley, Updike & Carter, of New York City, (James W. Rodgers, of New York City, of counsel), for defendants.

MANDELBAUM, District Judge.

Plaintiff moves under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, for an order requiring the attorneys for defendants to produce a certain document said to have been delivered to defendants' attorneys by the Sobol & Hartman Agency.

This is an action for alleged infringement of copyright in that plaintiff claims that the defendant copied ninety-six separate facts from plaintiff's copyrighted works. Defendant, Walker, claims he received this material from an advertising agency which in turn states that an employee of said agency compiled this material in a document in which he listed the sources from which he derived such material. This employee is not available and said agency has turned over this document to the attorneys for the defendants. This document is now sought by the plaintiff.

I am of the opinion that this document is clearly material and relevant to the matter in dispute. The plaintiff is entitled to an inspection of this document in order to ascertain whether or not the sources listed therein include the plaintiff's copyrighted works. That this is necessary

to aid the plaintiff in preparing his case is hardly open to any doubt.

The contention of the defendants that the material sought is privileged is untenable. This document was prepared in the regular course of business by an employee of the advertising agency and not by the attorneys for the defendants herein. The mere fact that defendants' attorneys have possession of this document does not render it privileged within the meaning of the rule. To hold otherwise would leave the door wide open for evasion of Rule 34 by the simple device of turning all papers over to one's attorney.

The attorneys for the defendants further contend that this document is not subject to inspection by plaintiff because it was compiled in the normal course of defendants' attorneys' investigation and preparation for trial. Whatever effect is to be given to the cases cited for this proposition it has no application under the facts herein. In cases of this type, the sources drawn upon by the alleged offending party are naturally better known to him than to the aggrieved party. Consequently his attorneys will invariably be first in point of time to obtain such material. In plaintiff's examination of defendant, Walker, upon the question of access or source, the latter stated he received the material from the advertising agency. This right of plaintiff to examine defendant is nugatory if the plaintiff is to be prohibited from investigating through to a conclusion the facts elicited on said examination by the fortuitous circumstance that defendants' attorneys arrived at the agency first.

As the court said in Mackerer v. New York Central R. Co., D.C.N.Y., 1 F.R.D. 408, 409: "It is not necessary to establish admissibility of the testimony or document. It is sufficient that the inquiry be made as to matters generally bearing on the issue and relevant thereto or that there is reasonable probability that the document in question contains material evidence. * * * The purpose of the new procedure has been * * * to provide efficient machinery for the ascertainment of the truth. * * * No injury can come to the defendant by producing the documents * * * and on the contrary great harm may be done the plaintiff."

Motion granted. Settle order on notice.