Emily MacManus, Plaintiff, v. Food Fair Stores, Inc., a Pennsylvania corporation, *et al.*, Defendants.

*(October* 10, 1962.)

Wright, J., sitting.

*John T. Gallagher* (of Hermann, Bayard, Brill and Gallagher) for the plaintiff.

*William Prickett, Jr.* (of Prickett, Prickett and Tybout) for the defendants.

Superior Court for New Castle County, No. 157, C. A., 1961.

This is a personal injury action. Soon after the plaintiff was injured, certain of the defendants or their agents obtained statements from the plaintiff as well as witnesses to the injury. The plaintiff now moves for production of the statements under Rule 34 of the Superior Court Rules—Civil, *Del. C.*

■ The defendant to whom the motion is directed contends that the statements are privileged citing *Wise v. West, Un. Tel. Co.*, 6 W. W. Harr. 456, 36 Del. 456, 178 A. 640 (1935). The rule therein laid down is as follows:

"Documents prepared in relation to an intended action, whether at the request of a solicitor or not, and whether ultimately laid before the solicitor or not, are privileged if prepared with a bona fide intention of being laid before him for the purpose of taking his advice; and an inspection of such documents cannot be enforced."

The rule has origin in the common law and was quoted as it appeared in the English decisions.

The record indicates that the statements were obtained not only before suit but prior to the time that the plaintiff consulted an attorney.

The rule quoted above applies only when there is a present intention at the time of their taking to place the statement before an attorney for advice. I am satisfied the best that can be said is that the defendant obtained the statements here with the intention of placing them before an attorney if the plaintiff's conduct made it necessary. This does not satisfy the requirements of the rule and I therefore hold that the statements are not privileged.

■ The defendant further contends that the plaintiff has not shown the "good cause" required by Rule 34 as a prerequisite to production.

The plaintiff at oral argument maintained that all of the statements may be important at trial for impeachment purposes. This could be said about any statement in the hands of an adversary and to hold such to fulfill the requirement of "good cause" would be to eliminate the requirement from the rule. This the Court refuses to do.

One of the statements sought is that of the plaintiff

taken while she was hospitalized and taking medication. These circumstances demonstrate sufficient cause for ordering production of this statement.

The plaintiff next seeks the statement of a witness now deceased. The decease of the witness is sufficient cause for production to be ordered under Rule 34.

The motion for production of the remaining statements is denied, no good cause having been shown as to why they should be produced.

An appropriate order will be entered upon presentation.