JOHN H. PHILLIPS, JR., and BEATRICE D. PHILLIPS, his wife, Plaintiffs, v. DELAWARE POWER AND LIGHT COMPANY, a Delaware corporation, et al., Defendant.

*(October* 1, 1963.)

LYNCH, J., sitting.

*Clement C. Wood* (of Allmond and Wood) for Plaintiffs.

*William Prickett, Sr.* (of Prickett and Prickett) for Defendant.

Superior Court for New Castle County, No. 1512, Civil Action, 1962.

LYNCH, Judge.

This is an action for personal injuries and property damage suffered January 12, 1962 as a result of a gas explosion which destroyed a residence at 2700 Thompson Place, Wilmington, Delaware, and its contents, and allegedly caused personal injuries to persons therein.

Two motions have been filed, extensively briefed and argued. In one plaintiff has moved for production of papers and records, in defendant's possession. Defendants opposes it in part, on ground that certain of the papers, material and records are privileged. In the other motion defendant has sought to have the Court strike a paragraph from plaintiff's amended complaint, for lack of particularity, as required by Rule 9(b), Rules of the Superior Court, *Del. C.* The motions will be considered and determined separately.

## THE QUESTION OF PRIVILEGE

Plaintiffs moved for the production—

"of all reports rendered to this defendant by its employees, agents, servants and others, whether employed by the defendant or not, concerning the explosion which destroyed 2700 Thompson Place and the manner in which it occurred."

Plaintiffs later moved for production, among other items, of a report and photographs of the fractured gas transmission pipe made by a metallurgist about June 13, 1962.

On January 18, 1962 the defendant's insurance carrier, Liberty Mutual Insurance Company, retained the law firm of Prickett, Prickett and Tybout to advise on liability and for advice as to further investigation. Certain reports, etc. were submitted in connection with these requests. On January 22, 1962, that law office rendered

an opinion. The items to which privilege is claimed were collected, with the then intention of defendant and its insurance carrier of laying them before counsel; in fact, they have been laid before counsel, and some legal advice has been furnished.

The defendant, at its own expense, has produced and furnished to the plaintiffs copies of twenty-nine different papers, which had been given to its counsel, but has claimed that certain items were privileged; specifically it claimed that the metallurgist's report and photographs were privileged.

Two affidavits have been produced and filed. In the first affidavit, the carrier's relationship to defendant and the Prickett firm in the case were set out; it stated that "immediately after the explosion" and thereafter it has been conducting the investigation under the direction of the Prickett firm and has utilized the law firm—

"* * * to advise Liberty and Delaware as to the investigation of facts on which a defense to actions arising out of the incident could be based and as to the applicable law. An opinion dated January 22, 1963 was rendered by Prickett as to liability and suggested further investigation of facts, which should be made in anticipation of litigation which it believed would grow out of the January 12, 1962 explosion."

Continuing, this first affidavit states:

"6. All reports rendered to the defendant by its employees, agent, servants and others, whether or not employed by the defendant, concerning the explosion which destroyed 2700 Thompson Place and the manner in which it occurred, were made either at the expressed request of Prickett or for the purpose of being laid before counsel in impending or pending litigation. * * *."

and that they were submitted to the Prickett law firm. This first affidavit concludes:

"8. The only such reports in the possession of Liberty or Delaware or Prickett, which have not been produced for inspection by plaintiffs * * * are reports which resulted from investigation made after January 18, 1962, when Prickett was retained."

In its second affidavit, it is stated that—

. "6. * * * a section of the [gas] main, involved, including the fracture [was transported] to the laboratory of Everett Chapman at Marshallton, Pennsylvania for examination, photographing and report by him.

"7. Mr. Chapman examined the main, photographed it and transmitted his report and photographs to Liberty.

"8. Such report and photographs were taken for the express purpose of being laid before counsel in impending and pending litigation.

"9. Such report and photographs were submitted to Prickett and are now in their possession."

The leading case in Delaware on the attorney-client privilege is *Wise v. Western Union Telegraph Company,* 6 W.W.Harr. 456, 178 A. 640 (Supr.1935) In that case Judge Rodney said (6 W.W.Harr. 465, 178 A. 644):

"* * * The privilege which is relied upon to prevent the production of the documents is that privilege which had its origin in the relationship of attorney and client, was founded on public policy and drew its strength from the fact that, as legal procedure became complicated and intricate, it was deemed essential that laymen or prospective litigants should be entitled to avail themselves of the services of those skilled in the law, without fear of publicity or that their confidences could, without

their consent, be disclosed. The rule of privilege is universally recognized and only its application is ever subject to question. Documents are privileged which pass directly between a client and an attorney and this has been extended to include documents prepared by a third person at the request or suggestion of the attorney."

Judge Rodney said (Id.) quoting from an English authority, that the rule prevailing in England and accepted in America was:

"Documents prepared in relation to an intended action, whether at the request of a solicitor or not, and whether ultimately laid before the solicitor or not, are privileged if prepared with a bona fide intention of being laid before him for the purpose of taking his advice; and an inspection of such documents cannot be enforced."

The history, basis, philosophy, application and extent of the attorney-client privilege have been recently considered at length by the writer of this opinion, see *State v. 89.4242 Acres*, Civil Action No. 793, 1962, New Castle County (unreported) and *State v. 62.96247 Acres of Land, Susan P. Bissell and Unknown Owners*. Civil Action No. 947, 1961, New Castle County. In both cases the ruling was that litigation did not have to be pending, or even in immediate contemplation or threatened in order for the privilege to apply. 58 Am.Jur.—Witnesses—§ 485, p. 272, where it is stated:

"* * *. The privilege clearly attaches, even though litigation is not at the time either pending or contemplated, if the subject matter is such that it may become the subject of judicial inquiry."

*Bobo v. Bryson*, 21 Ark. 387, 389 is the authority cited in support of the statement. In that case the Arkansas Supreme Court ruled: (Id.)

"'\* \* \*. This protection [of the privilege] extends to every communication which the client makes to his legal adviser, for the purpose of professional advice or aid upon the subject of his rights and liabilities. Nor is it necessary that any judicial proceedings in particular should have been commenced or contemplated; it is enough if the matter in hand, like every other human transaction, may by possibility become the subject of judicial inquiry. The great object of the rule seems plainly to require that the entire professional intercourse between client and attorney, whatever it may have consisted in, should be protected by profound secrecy. \* \* \*."

See also discussion in §§ 2294, 2295 of Wigmore on Evidence (McNaughton Ed.) pages 560-566. In the Bissell case a revised opinion was filed and released for reporting on September 17, 1963, *State ex rel. State Highway Dept. v. 62.96247 Acres of Land*, Del., 193 A.2d 799, and it has an extensive discussion of the privilege, and there is no need to restate what appears therein, except to make clear that, in my opinion, the privilege is applicable, whenever it is made to appear that reports, documents, material of any kind, records, etc. were accumulated or gathered together for the purpose of placing such reports, documents, material of any kind, records, etc. before counsel for his advice and guidance in connection with impending or pending litigation. See *Holm v. Superior Court*, 251 P.2d 35 (Dist.Ct. of App. Cal., 1953), 42 Cal.2d 400, 267 P.2d 1025 (1954). There is much in this cited case that is relevant here.

It was clear from the affidavits in that case, as in those before this Court that the reports were prepared and photographs obtained "for transmittal to an attorney to prepare for threatened litigation following" an accident, from which damage ensued, 267 P.2d 1029.

The California Supreme Court in Holm, supra, observed (267 P.2d 1030):

"In any action for damages such as the pending one it is of considerable importance to obtain all information available at the scene of the accident in order to safeguard the rights of the party likely to be charged with negligence. It is because of this fact that diligence is required in behalf of such party to avoid or prepare for litigation. In view of the imminent possibility that the city would be faced with a claim involving substantial liability for personal injuries far exceeding financial considerations in any other respect, it is unreasonable and unrealistic to say that the communication of the documentary information to the attorneys for use in their professional capacity was not foremost and predominantly in the minds of those securing and transmitting the same."

 Clearly, however, records, papers and documents, not privileged, cannot be made so by the simple expedient of delivering them to counsel, *Kane v. News Syndicate Co., Inc.*, 1 F.R.D. 738 (D.S.C.D.N.Y., 1941). That point is dealt with in Holm, where the California Supreme Court required defendant to permit access to a statement made by plaintiff to the bus driver, and the disclosure to the attorney must be made and relate to sought for legal advice. Wigmore, supra, § 2296. There is no doubt but that the affidavits reflect the Prickett firm were consulted on legal matters.

A study of the Court records in *Penna. R. Co. v. Julian*, 10 F.R.D. 452 (D.Ct.D.Del.,1950) and *MacManus v. Food Fair Stores, Inc.*, 5 Storey 554, 188 A.2d 678 (Super.Ct. 1962) readily demonstrates substantial doubt that the reports sought and produced in those cases had been made with the intention of presenting them to counsel in connec-

tion with threatened impending or pending litigation; they were prepared and transmitted to superior corporate agents as a matter of routine corporate practice. That is not evident in our case. It must appear, as it does here, that the papers, documents, reports and material were gathered together and accumulated for purpose of presenting them to counsel in connection with threatened, impending or pending litigation, if the privilege is to be applied.

Plaintiffs argue vigorously that they have shown good cause for denial of the privilege, contending that the plaintiffs have and can have no knowledge of why the accident happened; that the defendant and its agents are persons with long experience in investigating gas explosions and they are the only ones who could hope to get at the real cause of the accident; and that the reports requested undoubtedly contain facts, information and clues which it would be impossible for the plaintiffs, with their lack of technical resources, to obtain. Plaintiffs point out that the men who made these reports are not employees of the defendant and that it is unlikely that any of them could be forced to respond to a subpoena for depositions, even if their depositions could be taken. Such facts should mean that their statements or reports are not necessarily immune from compulsory production, and that plaintiffs have shown "good cause" and that this overcomes a claim of privilege.

Plaintiffs cite and rely on *Reynolds v. United States*, 192 F.2d 987 (1951 C.A. 3 Pa.) rev'd 345 U.S. 1, 97 L.Ed. 727, 73 S.Ct. 528, 97 L.Ed. 727 (Sup.Ct.1953). Certainly, it seems clear from a consideration of the Supreme Court's opinion, 345 U.S. 10-11, 73 S.Ct. 533, 97 L.Ed. 727, that if "privilege" pertains and applies "necessity" or "good cause", as used by plaintiffs, does not require a Court to deny the privilege. The United States Supreme Court so stated (Id.):

"In each case, the showing of necessity which is made will determine how far the court should probe in satisfying itself that the occasion for invoking the privilege is appropriate. *Where there is a strong showing of necessity, the claim of privilege should not be lightly accepted, but even the most compelling necessity cannot overcome the claim of privilege* if the court is ultimately satisfied that military secrets are at stake. A fortiori, where necessity is dubious, a formal claim of privilege, made under the circumstances of this case, will have to prevail. *Here, necessity was greatly minimized by an available alternative, which might have given respondents the evidence to make out their case without forcing a show-down on the claim of privilege.* \* \* \*" (Emphasis supplied)

Knowing plaintiffs' counsel with his great resourcefulness, I am certain that he realizes that there is, or in all likelihood can and will be made available to him, the same or like material he seeks to obtain from defendant and through the agency of his own experts he can learn what caused the explosion. He is not entitled to use the reports and photographs of his adversary's experts. See discussion in Bissell case, supra.

Plaintiffs' motion to produce is denied.

## DEFENDANT'S MOTION TO STRIKE

By an amendment to their complaint plaintiffs have charged:

"2. Defendant was negligent in that:

"(d) Defendant failed to maintain its eight inch main for the distribution of gas situated under the surface of 27th Street running west from Market to Madison Street, City of Wilmington, New Castle County, State of Delaware, in a reasonably safe condition."

The defendant has moved to strike this averment because it fails, says defendant, to allege negligence *with the "particularity"* required by Rule 9(b).

Rule 9(b) of the Rules of Civil Procedure of the Superior Court provides:

*"In all averments of fraud, negligence or mistake, the circumstances constituting* fraud, *negligence* or mistake *shall be stated with particularity."* (Emphasis supplied)

Defendant notes that while the present Rules of this Court were patterned on the Federal Rules, Rule 9(b), there was an intentional departure on the part of this Court from what appeared in Rule 9 of those rules, insofar as the Delaware Rules retained the requirement of particularity in allegations of negligence, as well as the allegations of fraud and mistake. Counsel for defendant stated in his brief and on oral argument that the Committee on Rules of the Delaware State Bar Association recommended to this Court that this requirement of particularity in allegations of negligence be omitted but, says this Court rejected the recommendation and concluded to retain the requirement of particularity in allegations of negligence.

Counsel argues it is vital for the defendant to learn the exact nature of the charge in order that it can make the proper preparation to meet that charge. He maintains that the Delaware Courts have consistently recognized and applied the requirement of particularity in allegations of negligence and he points to a number of cases in which the Rule was applied.

Defendant, for instance, cites *Campbell v. Walker*, 1 Boyce 580, 76 A. 475 (Super.Ct.1910) and *Universal Oil Products Co. v. Vickers Petroleum Co.*, 2 Terry 143, 16 A. 2d 795 (Super.Ct.1940), as reflecting the historical back-

ground of our Rule on particularity in allegations of negligence, and stresses that these cases seemingly justify Rule 9(b) and its requirements of particularity.

These cases are interesting but they do not consider the particular point raised by the motion to strike, as can readily be shown by consideration of the entire complaint. It appears therefrom that plaintiffs have charged defendant distributes gas through its mains, and that gas had leaked and accumulated—later exploding causing the damage. The portion attacked by the motion charges only that defendant failed to maintain its transmission mains in a reasonably safe condition. Defendant, by its motion to strike, seeks to have plaintiff point out in what respect defendant so failed.

Common sense dictates that defendant, above anybody else, knows or should know what it did or didn't do in the maintenance of its mains—when and how they were maintained; it's simply a question of whether defendant did or did not adequately maintain its gas transmission mains, and if whatever it did in this respect was adequate to keep them in a reasonably safe condition for the purpose and in the interest of the safety of the public.

The question resolves itself down to this—it either did maintain its mains or it did not do so.

The late Chief Justice Layton in Vickers, supra, cited States to Use of *Godwin v. Collins,* et al., 1 Harr. 216, in which this Court, as long ago as 1833, took occasion to say (1 Harr. at 216):

"The object of pleading is to reduce the controversy to certain and precise issues of fact or law, on which * * * the opinion of the court or jury may be taken, and a decision had in accordance with the principles of justice."

That case was cited and relied on in *Campbell v. Walker*, 1 Boyce at 583, 76 A. at 476, and in the Vickers case, 2 Terry 143, 146, 16 A.2d 795, 796, the Court referred to *Campbell v. Walker*, supra, stating:

"* * *, it was said [in that case] that pleadings have a double function. Not only are the rules of pleading designed for the purpose of informing the opposing party of the facts intended to be proved in support of the issue tendered, but also to ascertain and present the real points in controversy * * *."

It seems desirable to note that in *Campbell v. Walker*, supra, Judge Woolley, while a member of this Court, took the occasion to observe, 1 Boyce 580, 583, 76 A. 475, 476:

"* * * that while the plaintiff is not required to make a detailed and minute statement of the circumstances of the cause of action, he must nevertheless set forth * * * the facts upon which he bases his action, with a particularity and certainty that will reasonably inform the defendant what he proposes to prove at the trial, in order that the defendant may have a fair opportunity to meet and controvert those facts in defense. Any other rule would defeat rather than promote this object of pleading, and would make a [complaint] an instrument to conceal rather than to disclose facts."

I am in whole hearted accord with such principles of pleadings; sloppy pleadings are never to be justified; an adversary should be always advised of the basis of a claim. I sincerely believe they should be followed even under our present Rules. I cannot, however, overlook the fact that this Court has, in adopting the present Rules of Practice, adopted what is termed "Notice Pleading", and that the Supreme Court, in *Klein v. Sunbeam Corp.*, 8 Terry 526, 537, 94 A.2d 385, 391 (Sup.Ct.1952), took

the occasion to lay down what I now consider to be the controlling principle of the interpretation of pleadings under our Rules:

"Under the present rules of the Superior Court a cause of action need not be set forth with all the technical exactitude of allegation necessary under the rules of common law pleading. The present rules adopt a system of notice pleading rather than fully informative pleading as was theretofore required. *The theory underlying the present rules is that a plaintiff must put a defendant on fair notice in a general way of the cause of action asserted, which shifts to the defendant the burden to determine the details of the cause of action by way of discovery for the purposes of raising legal defenses.* \* \* \*" (Emphasis supplied)

The Supreme Court in this same case said (Id.):

"\* \* \* a complaint will not be dismissed for failure to state a claim upon which relief can be granted unless it appears to a certainty that the plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof. \* \* \*"

In light of the language of Rule 8(e), requiring pleadings to "be simple, concise, and direct" and of Rule 12(f), I seriously doubt the propriety of defendant having made use of a Motion to Strike as it has here. Motions to strike are not favored, Moore on Federal Practice, ¶12.21, page 2317, and Barron & Holtzoff (Wright Ed.), Vol. 1A, § 367, page 480. The Rule limits their use; they are to be used to attack "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." I am sure defendant's counsel will agree that the target of his motion scarcely comes within the ambit of any of the permitted uses of Motions to Strike. It is

conceded, Barron & Holtzoff, supra, § 366, page 463, that some Courts consider such motions as in the nature of a Motion to Dismiss, but I consider that pleadings and motions should follow their prescribed use in light of pertinent rules and their use should accord with what is intended by the Rules.

Rule 12(e) provides for Motions for More Definite Statement, and would appear to be the proper motion to use if the allegations of a complaint "are not pleaded with particularity in compliance with" Rule 9(b), see Barron & Holtzoff, Federal Practice and Procedure, Wright Ed., Vol. 1A, § 302, page 225 and see also § 362 at pages 426-435.

Considering defendant's motion as one in the nature of a Motion to Dismiss, as noted above, or as a Motion for More Definite Statement, I find great difficulty in considering it should be granted in either instance.

An examination of such treatises on pleading as Chitty, Pleadings (1828 Ed.), Vol. 1, pages 195-219; 259-261; and 326-346; Stephen on Pleading, Section IV, pages 297-378; Gould on Pleading (4th Ed.), Chapters III and IV; and Edmonds, Common Law Pleading, Ch. 7, 22 §§ 245-248, show the manner of pleading the duty of defendant and its breach of the duty would have been sufficient; none of these treatises show any instance where Courts have required a plaintiff, who has shown sufficient facts to demonstrate the existence of a duty on the part of the defendant—which duty the defendant has failed to perform—to show specifically or with particularity, the manner of the breach or failure on a defendant to perform the duty, particularly, as here, where the failure to perform the pleaded duty consists only of an omission on the part of defendant to act as required.

In the case at bar, the complaint shows that defendant was in the business of transmitting and distributing gas in the City of Wilmington; that gas from a main of the defendant escaped and collected in the home of the plaintiffs and exploded; so the duty was stated. Plaintiffs then, by Paragraph 2(d) of their complaint charge "defendant failed to maintain its * * * main for the distribution of gas * * *, in a reasonably safe condition".

Under the Common Law System of Pleading, as stated in Stephen, supra, Rule 8 provided:

"No greater particularity is required than the nature of the thing pleaded, will conveniently admit."
That author, in his discussion under the cited Rule, indicated and cited situations tending to show that the manner followed by plaintiffs' pleading of a duty and defendant's failure to perform its legal duty in this case would have been held sufficient. Moreover Rule 9, as stated in Stephen, provided:

"Less particularity is required when the facts lie more in the knowledge of the opposite party, than of the party pleading."

Surely the applicability of Stephen's Rule 9, under the common law rules of pleading cannot be doubted here.

The statement is to be found in Edmonds, supra, at page 260:

"No specific form of words is required to state the negligence on which the action is based. It is sufficient if the facts stated are such as to raise a duty and show a failure to perform that duty and a resulting injury from which the law will attach to such failure of duty."

The author pointed out cases in a footnote on page 206 considering why failure on the part of a party to abide by his legal duty need not be more elaborately pleaded

otherwise than by stating the failure or omission of the party to perform the duty placed on him by law. It comes down to the distinction between "active" negligence on the part of a defendant—where particularity is unquestionably required—and "passive" negligence—a failure to do what is required by law.

In *Brown v. Schendelman*, 4 W.W.Harr. 50, 52-53, 143 A. 42, 43 (Super.Ct., 1928) such distinction between active negligence and negligence arising from omission to act was considered and the Court ruled that a count in a complaint merely charging "failure of the defendant to properly guard and protect" a fire kindled on an open lot was different from another count in the same complaint "[alleging] that the defendant was negligent in causing a fire to be built on the lot under the circumstances". No doubt the Court would have required the plaintiff to state in the second instance what "the circumstances" were which gave rise to the existence of the duty, and how the plaintiff breached its duty to comply.

The requirement of particularity of pleading negligence in accordance with Rule 9(b) must be applied in light of the particular situation presented in any case. If the negligence relied on is "active" or "positive" as contrasted with the "passive" or an omission or a failure of a defendant to abide with a duty prescribed by law, there can be and is a difference in the manner of pleading.

Agreeably where there is "active" or "positive" negligence charged, no great burden is required of a plaintiff to aver the "facts" or "particulars" of such "active" or "positive" action on the part of the party charged creating the duty and its breach, so that he can prepare to meet the evidence which will be adduced to prove such "active" or "positive" action and to disprove them.

On the other hand, where as here, the "facts" pleaded or "particulars" shown, charge a duty on the defendant to do a certain thing and he fails to do so, it is sufficient that he aver that defendant failed to act, as required, and there is no need of "particularity" in the complaint to show in what manner the defendant failed to act and thereby breached his duty to plaintiff.

Analysis of the pleadings in the several cases cited, reported and unreported, cited by the parties as tending to support their respective positions bears out what has heretofore been stated. In most of the cases the "simple, concise and direct" staement of the circumstances was not there; the plaintiffs had not shown sufficient facts or circumstances of what the duty was on defendant's part and how the duty had been breached. Had those cases been submitted to me for decision I would have reached the same result as reached by the Judges deciding such cases, since in most of the cases there was an insufficient statement of facts showing the duty which plaintiff charged had been breached by the particular defendant in each of the cited cases.

It seems to me that defendant really desired plaintiffs to adduce their evidence in the complaint, and this they need not do. In *Robinson v. Meding*, 2 Storey 578, 584, 163 A.2d 272, 275 (Sup.Ct., 1960), the Supreme Court stated:

"* * * *It is usually necessary to allege only sufficient facts out of which a duty is implied and a general averment of negligent failure to discharge that duty. * * *.*" (Emphasis supplied)

Careful study of the complaint, as amended, makes it clear that defendant has been put on adequate notice of the negligence on which plaintiffs premise their

claim, and that there has been sensible compliance with the requirements of Rule 9(b). This compels me to deny the Motion to Strike.

Orders may be submitted in accordance with the holdings as set forth above.