Marcia A. MANCINO, by her next friend, Francis E. Mancino, Francis E. Mancino, Christina M. Mancino, Plaintiffs,

v.

George R. WEBB, Guardian ad litem of Barry Webb, George R. Webb, Joan Webb, Defendants.

Superior Court of Delaware, Kent.

Feb. 9, 1971.

Nicholas H. Rodriguez, of Schmittinger & Rodriguez, Dover, for plaintiffs.

Roger Sanders and Steven J. Rothschild, of Prickett, Ward, Burt & Sanders, Wilmington, for defendants.

OPINION

STOREY, Judge.

This is a personal injury action by a nine year old girl and her parents against

a twelve year old boy and his parents arising when the girl was hit in the head by a dirt clod thrown by the boy. The complaint contains three counts alleging the above facts: The first is on behalf of the girl claiming compensatory and punitive damages from the boy, alleging his malicious, willful and wanton assault and battery on her; the second is on behalf of the girl seeking similar damages from the boy's parents, alleging their negligent failure" * * * to exercise the proper power of control over their son when they knew, or in the exercise of due care, should have known of his mischievous and reckless disposition which made injury to others a probable consequence"; and the third is on behalf of the girl's parents claiming damages for travel, lodging and telephone calls incurred while their daughter was in a hospital in another town; loss of their own wages; loss of their child's services; and mental anguish and suffering. The defendant parents have moved to dismiss the second count for failure to state a cause of action upon which relief can be granted, and to strike the second count for failure to allege negligence with sufficient particularity. Simultaneously, defendant parents have moved to strike that portion of the third count that seeks damages for travel; lodging and telephone calls, loss of wages; loss of plaintiffs' child's services; and mental anguish, on the ground that these elements are not properly recoverable as elements of damages.

■ The first question to be resolved is whether a complaint seeking damages for injuries caused by a child's willful and wanton act alleges a negligence cause of action against the child's parents, when it charges the parents with failure to exercise the proper power of control over their child when they knew or should have known of his mischievous and reckless disposition.

As stated in 39 Am.Jur. 695, Parent and Child, § 58:

"* * * the general rule is that a parent may be liable for the consequences of failure to exercise the power of control which he has over his children, where he knows, or in the exercise of due care should have known, that injury to another is a probable consequence."

While indicating that failure to restrain a child known to possess dangerous tendencies may lead to parents' liability, the Court in Repko v. Seriani, 3 Conn.Cir. 374, 214 A.2d 843, 844 (1965) cited § 316, Restatement, 2 Torts, as follows:

"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control."

To the same effect see Gillespie v. Gallant, 24 Conn.Sup. 357, 1 Conn.Cir. 594, 190 A.2d 607 (1963); Guzy v. Gandel, 95 N.J.Super. 34, 229 A.2d 809, 810 (1967).

In Klein v. Sunbeam Corp., 8 Terry 526, 94 A.2d 385, 391 (1952), the Delaware Supreme Court indicated that:

"* * * A complaint will not be dismissed for failure to state a claim upon which relief can be granted unless it appears to a certainty that the plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof."

See also Phillips v. Delaware Power and Light Company, 194 A.2d 690, 696 (Del. Super., 1963). Utilizing this standard, and comparing the substance of plaintiffs' allegations in count two of the complaint to the above authorities, it is the Court's opinion that defendants' motion to dismiss the second count should be denied.

■ The second issue in this case is whether the allegation in the second count of the complaint alleges negligence with sufficient particularity. Superior Court Civil Rule 9(b), Del.C.Ann. requires averments of negligence to be stated with particularity. The purpose of this rule is to apprise the adversary of the acts or omissions by which it is alleged that a duty has been violated. See 1A; Barron and Holtzoff, Federal Practice and Procedure, § 302 at p. 224. As stated in Universal Oil Products Co. v. Vickers Petroleum Co., 2 Terry 143, 16 A.2d 795, 797 (Del.Super., 1940):

"In Campbell v. Walker, supra, it was laid down as a general rule that it is not sufficient to state the result or conclusion of fact arising from circumstances not set forth in the declaration, nor to make a general statement of the facts which admits of almost any proof to sustain it."

Notwithstanding a relaxing of the particularity requirement where "passive" as opposed to "active" negligence is alleged, see Phillips v. Delaware Power and Light Company, *supra,* 194 A.2d at 698, the allegations in the second count in the instant case not only fail to allege facts as to how the defendant parents failed to exercise proper power of control, but also are devoid of facts to indicate a prior mischievous and reckless disposition of the defendant child and the parents' knowledge thereof. In short, these allegations lack the required particularity and should be stricken.

■ The next issue in this case is whether a parent's expenses for travel, lodging and telephone calls, and lost wages, incurred in order for the parents to be with an injured minor who is hospitalized in another city and to care for the minor at home after discharge from the hospital, are recoverable in the minor's action for damages for the injuries. As stated in 39 Am.Jur. 724, 725, Parent and Child, § 80:

"Unless the child, being emancipated, is responsible for its own support, the parent, rather than the child, is entitled to recover, in an action for injury to the child, for medical and other expenses necessarily incurred in healing or attempting to heal the injury."

In admitting evidence of travel expenses, board and lodging of parents in visiting their hospitalized child, the Supreme Court of New Hampshire stated in Woodman v. Peck, 90 N.H. 292, 7 A.2d 251, 253 (1939):

"The evidence was admissible. Their attendance on their son might be found a reasonable need for him, by way of comfort and cheer, in recovery. If of less importance, the attendance was findably in furtherance of the same purpose as the hospital's service, the doctor's treatment, and the nurse's care."

Under the reasoning of Woodman v. Peck, it is the Court's opinion that travel, lodging and telephone expenses incurred to be with or establish contact with an injured child in order to comfort or cheer him to recover, may, in a proper case, be reasonably incurred and thus recoverable elements of damages. On the other hand, lost wages, in the opinion of the Court, would not be so reasonably incurred and thus not proper elements of damage. See 22 Am.Jur.2d 115, 116, Damages, Sec. 81. Additionally, the measure of recovery for care furnished an injured child by the parent after the child departs the hospital is not the wages lost by the parent, but rather the reasonable value of the care or attendance rendered. See 39 Am.Jur. 724, 726, Parent and Child, Sec. 80. Accordingly, that portion of the motion to strike as pertains to lost wages is granted.

■ The next question in this case is whether parents may recover damages for mental anguish allegedly suffered as the result of an unwitnessed intentional, malicious and willful assault and battery upon

their children. As stated in 32 A.L.R.2d 1078, § 7:

"The rule has been recognized in a number of the later cases that there can be no recovery by a parent, in an action for injuries to a minor child, for the pain, suffering, or other distress caused the parent by the injuries of the child."

See also 18 A.L.R.2d 235, 236 and cases cited therein. Although Delaware has recently relaxed the requirements for recovery for emotional distress by allowing recovery for physical consequences of fright caused by the negligence of a defendant where the plaintiff is within the immediate zone of physical danger created by such negligence, Robb v. Pennsylvania Railroad Company, 210 A.2d 709 (Supreme Ct., Del., 1965), such a rule could not be extended to cover the parent-child situation unless the parent was within the zone of danger to the child. Although a few of the older cases have permitted recovery for the parents' mental distress where the injury to the child involved malice, willful indignity or wantonness, (See 15 Am.Jur. 598, Damages, § 180, and cases cited therein), the nature of the facts alleged in the instant case fell far short of the degree of malice, wantonness or willful indignity present in those cases. See Trimble v. Spiller, 23 Ky. 394, 7 T.B.Mon. 394, 18 Am.Dec. 189 (1828); Herrick v. Evening Express Pub. Co., 120 Me. 138, 113 A. 16 (Me.1921); Magee v. Holland, 27 N.J.L. 86, 72 Am.Dec. 341 (1858). Accordingly, this portion of the complaint should be stricken.

■■ Finally, defendants seek to strike that portion of the complaint seeking punitive damages against the defendant parents on the ground that punitive damages are not recoverable in a negligence action. Defendants also seek to strike plaintiff parents' allegations for loss of services on the ground that this element of damages in reality belongs to the child. As to the former contention, plaintiffs are in agreement, while as to the latter contention, it is plain that recovery by the parents for loss of the child's services is specifically authorized by 13 Del.Code § 704. Accordingly, the motion to strike the claim for punitive damages in the second count is granted, and the motion to strike the allegations for damages for loss of services in the third count is denied.

In accordance with the above, defendants' motion to dismiss is denied. So much of defendants' motion to strike as relates to paragraphs 6 "A" and 6 "B" of the second count, the allegations seeking recovery for punitive damages in the second count, and the allegations seeking damages for lost wages and mental distress in the third count is granted.

Leave is granted to amend Count II, Para. 6 "A" and 6 "B".

It is so ordered.