# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHENMOU WU,                          )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        C.A. No. N21C-07-045 EMD
                                     )
DELAWARE TECHNICAL                   )
COMMUNITY COLLEGE,                   )
                                     )
        Defendant.                   )

## ORDER (i) GRANTING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT AND (ii) PROVIDING LEAVE TO AMEND

Upon consideration of the Complaint; Defendant's Motion to Dismiss or in the Alternative Motion for a More Definite Statement (the "Motion") filed by Defendant Delaware Technical Community College ("DTCC"); Plaintiff's Rebuttal Evidence to Defendant and White and Williams LLP (the "Response") filed by Plaintiff Chenmou Wu ("Plaintiff");  State of Delaware and Kathleen Jennings (collectively, "Defendants"); the arguments made in the Motion and the Motion for Leave; the entire record of this civil proceeding; and the Court having determined that no hearing on the Motion or the Response is necessary,

1.      The Complaint seeks damages for a purported fraud.  Plaintiff contends that someone "who might work or study at DTCC used the college email system" to defraud Plaintiff of $9,650.  Plaintiff contends that he relied upon emails sent from dfears1@dtcc.edu and kennethjones040214@gmail.com to become employed.  Plaintiff then received a FedEx Express Package with checks and (maybe) instructions.  Plaintiff followed the instructions, cashed the checks and then transferred money to "some places and someone."  Bank of America subsequently informed Plaintiff that the checks had been returned due to insufficient funds.

Plaintiff ended up using Plaintiff's own money to cover the transfers. DTCC subsequently notified Plaintiff that dfears1@dtcc.edu was a fraudulent email address obtained during an email security breach.

2.      The Motion seeks to dismiss the Complaint for failing to state a fraud claim. In the alternative, the Motion asks that the Court order Plaintiff for a more definite statement of the allegations of fraud against DTCC. Plaintiff opposes the Motion. Plaintiff argues that DTCC should have been more responsive to Plaintiff's inquires as to the dfears1@dtcc.edu email. In addition, Plaintiff provides additional facts not otherwise contained in the Complaint.

3.      Upon a motion to dismiss under Civil Rule 12(b)(6), the Court (i) accepts all well-pleaded factual allegations as true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[1] However, the Court must "ignore conclusory allegations that lack specific supporting factual allegations."[2]

4.      Under Civil Rule 9(b), a party must plead fraud and negligence with particularity.[3] "The purpose of [Rule 9(b)] is to apprise the adversary of the acts or omissions by which it is alleged that a duty has been violated."[4] To plead fraud or negligence with the particularity required by Rule 9(b), a party must include the "time, place, contents of the alleged fraud or negligence, as well as the individual accused of committing the fraud" or negligence.[5]

---

[1] *See Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy,* No. 09C-09-136, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[2] *Ramunno v. Crawley,* 705 A.2d 1029, 1034 (Del. 1998).
[3] Super. Ct. Civ. R.  9(b).
[4] *Mancino v. Webb*, 274 A.2d 711, 713 (Del. Super. 1971).
[5] *See TrueBlue, Inc.*, *v. Leeds Equity Partners IV, LP*, C.A. No. N14C-12-112 WCC CCLD, 2015 WL 5968726, at *6 (Del. Super. Sept. 25, 2015) (quoting *Universal Capital Mgmt., Inc. v. Micco World, Inc.*, C.A. No. N10C-07-039-RRC, 2012 WL 1413598, at *2 (Del. Super. Feb. 1, 2012)).

5.     Plaintiff's claim appears to be a claim for fraudulent inducement.  To prove fraudulent inducement, a plaintiff must show:

> (1) a false representation, usually one of fact . . .; (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce the plaintiff to act or to refrain from acting; (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance.[6]

In Delaware, there are three types of fraud: "(1) false statements represented as truth; (2) active concealment of facts which prevents the other party from discovering them; and (3) silence in the face of a duty to speak."[7]  "Under Delaware law, to establish a claim of fraud or negligent misrepresentation, the plaintiff must demonstrate justifiable reliance on false representations made by the defendant."[8]

6.     The Court will grant the Motion for two reasons.  First, the Complaint fails to meet the pleading requirements of Civil Rule 9.  Plaintiff fails to identify the person or persons at DTCC that made material misrepresentations to Plaintiff.  Moreover, Plaintiff does not plead justifiable reliance.  In fact, the Response seems to allege new facts that demonstrate that Plaintiff should have known that the correspondence with dfears1@dtcc.edu and kennethjones040214@gmail.com were part of an independent fraud not involving DTCC—*e.g.*, one email contained references to both "Chippewa Community College" and "Job Placement & Student Services, Delaware Technical Community College."  Second, the Response seems to supplement the record with facts not contained in the Complaint.  Plaintiff could potentially use these facts to supplement the allegations contained in the Complaint.  Alternatively, Plaintiff might seek to plead a cause of action other than fraud like negligence.

---

[6] *Hauspie v. Stonington Partners, Inc.*, 945 A.2d 584, 586 (Del. 2008) (quoting *Gaffin v. Teledyne, Inc.,* 611 A.2d 467, 472 (Del.1992)).
[7] *DRR, L.L.C. v. Sears, Roebuck & Co.*, 949 F. Supp. 1132, 1137 (D. Del. 1996).
[8] *Vichi v. Koninklijke Philips Elecs.*, 85 A.3d 725, 775 (Del. Ch. 2014).

7.      Based on the "Questions" presented in the Response, the Court believes that Plaintiff is contending that DTCC's purported silence in failing to respond to inquiries constituted fraud in a situation where DTCC remained silent "in the face of a duty to speak." However, the Court is unclear as to the fraud purportedly committed by DTCC or what duty DTCC owed to Plaintiff.  The Complaint clearly pleads fraud as to dfears1@dtcc.edu and kennethjones040214@gmail.com but those are third parties and not DTCC.

8.      The Court is granting the Motion.  The Court will allow Plaintiff leave to amend the Complaint.  The Court has provided Plaintiff with the requirements of Civil Rule 9 and the elements of fraud.  Plaintiff may be in possession of more facts that can be alleged to more specifically plead why DTCC is responsible for the fraud committed on Plaintiff by dfears1@dtcc.edu and kennethjones040214@gmail.com or an alternative theory based in negligence or alike.

9.      The Court will give Plaintiff thirty (30) days to amend the Complaint.  Failure to amend the Complaint may result in this civil action being dismissed without further notice from the Court.

**IT IS HEREBY ORDERED** that, for the reasons stated herein, the Motion is **GRANTED,** and that Plaintiff must file an amended Complaint within thirty (30) days that meets the pleading standards of Civil Rule 9.

Dated: January 13, 2022
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:      File&ServeXpress
         Chenmou Wu (by mail)

4